## In re AVERY.

## AVERY v. AVERY.

### No. 8185.

Circuit Court of Appeals, Sixth Circuit.

Sept. 16, 1940.

E. D. McCurdy, of Cleveland, Ohio (Boyd, Brooks & Wickham and E. D. Mc-Curdy, all of Cleveland, Ohio, on the brief), for appellant.

Dwight B. Buss, of Cleveland, Ohio (Baker, Hostetler & Patterson and Lockwood Thompson, all of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

Frances S. Avery, appellee, is the divorced wife of Leon G. Avery, appellant. On October 15, 1937, she obtained a judgment in the United States District Court for the Northern District of Ohio for

$11,057.91, principal and interest. Her judgment was based upon a divorce decree obtained by her on July 18, 1930, in the Circuit Court of Wayne County, Michigan, requiring Avery, among other things, to pay her $9,000, in instalments of $150 on July 18, 1930, and on the first of each month thereafter until the same should be paid. He paid but two instalments and one-half of a third.

Six days after appellee recovered her judgment appellant filed his voluntary petition in bankruptcy. Listed among his debts was the judgment in favor of appellee. On October 28, 1937, appellee had an execution issued against appellant which was returned nulla bona. Thereafter she procured an order from the District Court in aid of execution and the court appointed a referee in this proceeding and ordered appellant, the bankrupt, and the White Motor Company, his employer, to appear before the referee on November 15, 1937, to answer concerning the bankrupt's assets.

Hearings were conducted until held up by a stay granted by the referee in bankruptcy.

Subsequently, on February 11, 1938, the bankrupt filed a petition and an amended petition with the District Court for an injunction restraining and enjoining appellee from taking further steps to collect her judgment on the ground that it had been discharged by the bankruptcy proceedings.

The court found that appellee's judgment in the District Court on October 15, 1937, was not subject to discharge in bankruptcy to the extent that it constituted a judgment against appellant for alimony or for maintenance or support but that to the extent that it constituted a judgment for release of dower and property rights it was subject to discharge in bankruptcy and to a restraining order; and to determine what portions of the judgment represented alimony or were for support or maintenance, and what portions represented payment for release of dower and property rights, the court appointed a special master to take evidence and report the testimony and his conclusions thereon.

The court further held that the Michigan divorce decree and a property settlement referred to therein might be examined by the master.

The master found, as a fact, that the portion of the judgment of the District Court and of the Michigan decree which represented payment for release of property rights was $2,451.87, or one-half of the value of appellant's property, with interest from July 8, 1930; and, as a conclusion of law, that appellant was entitled to an injunction against the collection thereof because as to that amount his discharge in bankruptcy was effective.

The court overruled exceptions by both parties and confirmed the report, decreeing that $2,451.87 with interest, or a total portion of $3,518.14 of the judgment in the District Court, constituted a property settlement, the collection of which was barred by appellant's discharge, but that the balance with interest and cost represented the amount owing appellee for maintenance and support and alimony and was not affected by the discharge.

We think the decree should be affirmed. The court had full power to inquire into the validity of appellee's claim. Pepper v. Litton, 308 U.S. 295, 303, 60 S. Ct. 238, 84 L.Ed. 281. If her claim was "for alimony due or to become due, or for maintenance or support * * *," it was a provable debt and was not released by appellant's discharge. 11 U.S.C. Sec. 35, 11 U.S.C.A. § 35.

The fact that the Michigan decree was reduced to judgment in the District Court does not change the nature of the claim so far as provability is concerned. Pepper v. Litton, supra; Boynton v. Ball, 121 U.S. 457, 7 S.Ct. 981, 30 L.Ed. 985; Wetmore v. Markoe, 196 U.S. 68, 72, 25 S.Ct. 172, 49 L.Ed. 390, 2 Ann.Cas. 265.

The final clause of the Michigan decree is as follows: "And it is also ordered, adjudged and decreed that the provision made for the said Frances Avery herein shall be in lieu of her dower in the property of her husband, the said Leon Guy Avery, and in full satisfaction of all claims that she may have in any property which the said Leon Guy Avery owns or may hereafter own, or which he has or may hereafter have any interest and that he shall hereafter hold his remaining real estate free, clear and discharged from any such dower rights or claims."

But this decree, providing for the payment to appellee of $9,000 at the rate of $150 per month, adjudged "all of said sums and payments to be made in accordance with the terms and provisions of a property settlement between the said parties now on file in this cause and which property settlement is hereby confirmed and approved."

There is no peculiar sanctity surrounding the words "property settlement." Bankruptcy courts sit in equity (Local Loan Co. v. Hunt, 292 U.S. 234, 240, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195) and have power "to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate." Pepper v. Litton, supra [308 U.S. 295, 60 S.Ct. 246, 84 L.Ed. 281]. More particularly is this true here where appellant invokes equitable relief by injunction. See Turner v. Turner, D.C., 108 F. 785.

The "property settlement" contains the following provisions:

"If said sum of Nine Thousand Dollars ($9,000) is promptly paid * * * then said party of the first part * * * is not to be liable * * * for any further support and maintenance."

"Said second party does hereby further release said first party after the payment of said sum of Nine Thousand Dollars ($9,000) * * * of all right for support and maintenance. * * *"

"* * * if either party shall obtain a decree of divorce and said second party shall remarry any time during the five-year period * * * the first party shall no longer be liable for second party's support and maintenance. * * *"

"* * * this agreement is adopted, executed and accepted by said parties as a full settlement of said suit and also of any alimony, attorney fees, or court costs that might accrue. * * *"

"* * * the alimony that she might be entitled to in the event of divorce proceedings shall be the amount and provision provided in this agreement. * * *"

"* * * it is expressly agreed and understood that upon the punctual and faithful performance of first party of the provisions herein provided * * * he shall thenceforth be free of and from any and all liability to the said second party for her support and maintenance. * * *"

There is no room for argument that these provisions approved by and incorporated in the Michigan decree were for any other purpose than for alimony, support and maintenance of appellee.

Appellant relies upon our case of Commissioner of Internal Revenue v. Tuttle, 89 F.2d 112, holding that a similar Michigan decree in a divorce case was not a decree for alimony. We think, however, that the rule of law in the Tuttle case should not apply here. The legal aspects of the two cases are entirely different. The Tuttle case involved a tax controversy between the Commissioner of Internal Revenue and the taxpayer. It has little controlling force where, as here, the divorced husband seeks in equity to prevent the wife from establishing in bankruptcy a claim for maintenance and alimony.

It is urged here that the decision of the District Court was in the teeth of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. Assuming that the decision was contrary to the holdings of the highest court of Michigan, still we can find no basis for the conclusion that Erie R. Co. v. Tompkins, supra, has any application to the question presented here. The court was not sitting in a trial at common law,—to the contrary, it was considering the effect in bankruptcy of facts found by its special master.

Appellant challenges the finding of the master as to the value of his property on the date of the divorce decree. We find no reason for interfering with this valuation. There is evidence to support it and it was concurred in by the District Judge. We are content to follow the general rule that it will not be disturbed by anything less than a demonstration of plain mistake.

Finally, it is said that the decree appealed from is in conflict with the opinion and judgment of the District Court rendered October 15, 1937. From appellant's viewpoint that opinion and judgment is to the effect that the Michigan decree did not represent alimony. We think this contention is erroneous. The opinion and judgment in that case simply held that the Michigan decree was a final judgment which could be sued on. It is plain enough that the questions of alimony, maintenance and support were not raised on the trial of that case. These questions were not in issue and could not have been adjudicated there.

Decree affirmed.