## HYLEK v. HYLEK.
### No. 8631.

Circuit Court of Appeals, Seventh Circuit.
March 21, 1945.

George Panea, of Hammond, Ind., for appellant.

Louis C. Holland, of Gary, Ind., for appellee.

Before EVANS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

MAJOR, Circuit Judge.

Plaintiff instituted this action to permanently enjoin defendant from collecting a judgment against him obtained by her in the Superior Court, Lake County, Indiana. The judgment was for support money awarded plaintiff's children in connection with a divorce decree. Plaintiff, subsequent to the judgment, was granted a discharge in bankruptcy, the judgment being listed as a provable claim. From a judgment denying the injunction, plaintiff appealed.

The question for decision is whether the judgment is provable in bankruptcy and

therefore extinguished by plaintiff's discharge.

The facts pertinent to a decision are as follows: The parties herein were divorced in June, 1931, by the Lake County Superior Court; the two minor children of the parties were awarded to the defendant; and plaintiff was ordered to pay $30.00 monthly toward their support. When the plaintiff paid no part of this award, defendant attempted, by citation to show cause, to collect the amount due and owing. A demurrer to the citation and a motion to discharge the rule to show cause were sustained because the children, at that time having reached their majority, had become emancipated. Subsequently, defendant brought an independent action to recover the unpaid installments. The complaint in that action recited the divorce action and decree, the support order, that plaintiff (defendant here) had the care and custody of the children until their majority, that she had supplied the children with a home and necessaries and had relied upon the allowance awarded, that the cost of supplying the necessaries had exceeded the amount so awarded and had been paid by her out of her income, and that she was entitled to recover the unpaid installments as provided in the support order.

Defendant obtained a judgment in that action in the amount of $2,490.00. Subsequently, plaintiff instituted bankruptcy proceedings and obtained his discharge therein. Defendant's judgment was scheduled in plaintiff's bankruptcy proceedings. Defendant then started further proceedings for the collection of her judgment in the Indiana State Court. The plaintiff thereupon instituted the instant action for a permanent injunction, seeking to restrain enforcement of the judgment upon the theory that it was discharged by order of the bankruptcy court.

Plaintiff contends (1) that the judgment is based upon an implied contract and therefore is a claim properly provable in bankruptcy; (2) that the judgment sued upon does not reveal that it was for support of minor children and the court cannot look behind the record to so determine; and (3) that even so, at the time of the rendition of the judgment, the children had reached their majority and plaintiff no longer had a duty to support them.

■ Plaintiff relies upon two Indiana cases, Husband v. Husband, 67 Ind. 583, 33 Am.Rep. 107, and Ramsey v. Ramsey, 121 Ind. 215, 23 N.E. 69, 6 L.R.A. 682, as establishing the rule in that state that a wife's suit for commodities furnished to minor children by her must "rest upon a contract express or implied". The facts of those cases make them clearly distinguishable from the instant situation. There, a divorce had been granted without any provision for support of children. The court therefore reasoned that custody of the children having been awarded to the mother, the legal obligation for their support rested upon her and the father was relieved of such obligation except by contract express or implied. The courts of Indiana, however, have not followed this reasoning in cases where the father has been ordered by a court to make payments for the support of his children, as was done in the instant situation. Under such circumstances, the obligation is not contractual but is one imposed by law. It is a parental obligation the extent of which is measured by the court's decree.

Burns Indiana Statutes 1933, Sec. 3-1219, provides that "The court, in decreeing a divorce, shall make provision for the * * * support * * * of the minor children of such marriage."

In Manners v. State, 210 Ind. 648, 5 N.E.2d 300, 301, after citing the statute above, the court stated: "Under this statute, the court has complete jurisdiction to provide for the support and custody of minor children, and it is well settled that the jurisdiction continues during the minority of the children, and that the decree may be changed or modified." The court may modify the decree during the children's minority without reservation of jurisdiction. Stone v. Stone, 158 Ind. 628, 64 N.E. 86.

In Bohler v. State, 95 Ind.App. 107, at page 111, 181 N.E. 535, at page 537, the court distinguishes the Ramsey case, and in so doing states: "The manner, then, in which this important obligation should be discharged by the father, was dependent almost wholly upon his individual conception of what constituted a sufficient performance. * * * Sensing this evil, responding to the demands of society, and for the purpose of correcting it, as far as possible by human agencies, our Legislature has enacted laws empowering the courts to demand of parents a performance of parental duties."

■ That the defendant was entitled to recover the unpaid installments upon a theory other than a contractual obligation

is shown by McCormick v. Collard, 105 Ind.App. 92, 95, 10 N.E.2d 742, 743:

"It seems apparent that the one who has the actual custody of a minor child by virtue of an order of court entered in a divorce proceeding is the one who must of necessity see that the child is furnished with proper food and clothing, and that it receives other needed attention, even though the support money, for reasons sufficient to the trial court, may have been ordered paid to some person other than the one granted the custody of the child. If the decree also provides that the father pay designated amounts toward the accomplishment of this purpose, and he fails to do so, and the person having custody of the child and charged with its actual care and maintenance, except to the extent that the father has been ordered to contribute, does in fact provide for said child the necessary maintenance, then, in accordance with the dictates of reason and justice, the father, being under a legal duty to pay to the extent ordered by the court, should be held liable to the person to whom the custody of the child was given, such person not being a volunteer but one upon whom the court has imposed the duty of actually caring for the child's needs, with such assistance as the court has decreed shall be furnished by the father.

"While, strictly speaking, there is no contractual relation between the father and the person awarded the custody of the child, yet the father, in cases of this character, has come under a legal duty to pay the amount awarded, and the custodian of the child under a legal duty to see that the child is supplied with the necessities of life. When the father fails to comply with the court's decree as to payments for support, and continuous support is furnished by the person awarded the custody so as to meet the exigencies arising, we are of the opinion that sound public policy requires that the father be held liable to the one who rightfully meets the present needs of the child where such person has expended for that purpose an amount equal to or in excess of that which the father was obligated to pay, but did not pay, for the support of the child."

█ It has also been held that a decree in a divorce proceeding, ordering payment of support money, does not create the relationship of debtor and creditor between the plaintiff and defendant. Pavuk v. Scheetz, 108 Ind.App. 494, 501, 29 N.E. 2d 992. See also Wetmore v. Markoe, 196 U.S. 68, 74, 25 S.Ct. 172, 49 L.Ed. 390, 2 Ann.Cas. 265.

Thus it seems apparent that under the Indiana decisions the defendant's judgment does not rest upon an implied contract but upon the duty of plaintiff to provide for the support of his minor children as ordered by the court.

█ Furthermore, we think the court may look behind the judgment to ascertain the true nature of the liability. As was said in Pepper v. Litton, 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281:

"Hence, this Court has held that a bankruptcy court has full power to inquire into the validity of any claim asserted against the estate. * * * And the mere fact that a claim has been reduced to judgment does not prevent such an inquiry. As the merger of a claim into a judgment does not change its nature so far as provability is concerned, Boynton v. Ball, 121 U.S. 457, 7 S.Ct. 981, 30 L. Ed. 985, so the court may look behind the judgment to determine the essential nature of the liability for purposes of proof and allowance. Wetmore v. Markoe, 196 U.S. 68, 25 S.Ct. 172, 49 L.Ed. 390, 2 Ann.Cas. 265."

See also Gilchrist v. Cotton, 83 Ind.App. 415, 148 N.E. 435, 928.

█ This leaves the remaining contention that because the children had reached their majority before rendition of the defendant's judgment, plaintiff was relieved of the obligation to support and his liability was extinguished. We do not agree with this contention. Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, provides in part that "liabilities * * * for alimony due or to become due, or for maintenance or support of wife or child" are exempt. As the Supreme Court said in Dunbar v. Dunbar, 190 U.S. 340, 351, 23 S.Ct. 757, 761, 47 L.Ed. 1084:

"We think it was not the intention of Congress, in passing a bankruptcy act, to provide for the release of the father from his obligation to support his children by his discharge in bankruptcy * * *."

True, the judgment in that case was obtained while the children were minors, upon a contract wherein the father recognized his obligation for their support. In the instant case, the obligation to support was imposed by law, the father failed to discharge such obligation, and the judg-

ment was not obtained until after the children reached their majority. We are unable to perceive how that distinction should alter the situation. The nature of the obligation upon which the judgment rests was not altered by the fact that the children had reached their majority before the judgment was obtained. To relieve the father of such liability because the children had reached their majority prior to the rendition of the judgment would, in our view, run counter to the purpose and spirit of Sec. 17 of the Bankruptcy Act, 11 U.S.C.A. § 35. Plaintiff's contention in this respect would place a premium upon his failure to comply with the court's order made in the interest of his children. We are of the view that the Bankruptcy Act was not intended to lend itself to such an unreasonable result.

The judgment of the District Court is affirmed.