In re William NELSON, II, Debtor.

Ella S. Nelson BENZ, Plaintiff,

v.

William NELSON, II, Defendant.

William NELSON, II, Counter-Claimant,

v.

Ella S. Nelson BENZ,
Counter-Defendant.

Bankruptcy No. 380–03138.
Adv. No. 380–0693.

United States Bankruptcy Court,
M. D. Tennessee.

Dec. 11, 1981.

Rollie L. Woodall, Nashville, Tenn., for plaintiff/counter-defendant.

Harry D. Lewis, Nashville, Tenn., for defendant/counter-claimant.

## MEMORANDUM

PAUL E. JENNINGS, Bankruptcy Judge.

This matter is before the Court for a determination of the dischargeability of monies owed by William Nelson to Ella Nelson Benz. It is insisted by the debtor that the debt is nondischargeable as an award of alimony and child support pursuant to 11 U.S.C. § 523(a)(5). That section as amended provides as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse, or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of laws, or otherwise (other than debts assigned pursuant to § 402(a)(26) of the Social Security Act); or

(B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 752, F.R.B.P.

On September 22, 1966, a final decree of divorce was entered in the Probate Court of Davidson County, Tennessee. The decree recited that the parties were married on June 30, 1944, and have four children born April 19, 1945, May 4, 1949, November 23, 1953, and March 9, 1962. At the time of the divorce the parties had been married some twenty-two years and the children were ages 21, 17, 12 and 4.

The divorce decree incorporated a "support agreement" by which the defendant agreed to deed his interest in the family home to the plaintiff, continue making mortgage payments on the home and pay the annual taxes and insurance premiums on the home. The defendant further agreed to pay the plaintiff "for the support of herself and the four children of the parties the sum of $500.00 per month." Provision was made for modification of the decree by mutual consent as the financial resources of the husband would permit. By consent decree entered November 27, 1968, the monthly support payments to plaintiff and the three minor children were increased to $850.00, beginning December 1, 1968.

On January 12, 1976, a consent decree was entered providing that "all amounts of support which were in arrears on December 31, 1975 shall be, and are hereby so declared, to be child support only and the prior orders in this cause are modified accordingly." Plaintiff obtained a judgment of past due "child support" payments against Defendant in the amount of $16,-550.00 plus 6 percent interest. The plaintiff also obtained a judgment against Defendant in the amount of $6,657.40 plus 6 percent interest, representing reimbursement for insurance, taxes, interest and mortgage payments previously made by Plaintiff.

The Consent Decree modified the amounts of payments of child support and alimony and included the following payment schedule. Effective January 1, 1979 and continuing until the youngest child reached the age of 18 (March 9, 1980), Defendant would pay $325.00 per month as child support and $125.00 per month as periodic alimony. Effective January 1, 1979 the Defendant was no longer required to pay the insurance, taxes, interest or mortgage payments on the home. Effective March 9, 1980 (when the youngest child reached the age of 18), child support payments ceased. However, at that time Defendant's periodic alimony to Plaintiff increased to $250.00 per month and Defendant was required to begin paying $200.00 per month in liquidation of the judgments and interest thereon awarded pursuant to the Consent Decree.

This litigation seeks the determination of the dischargeability of the two judgments above-mentioned. It is the position of the Defendant that both of the Judgments are dischargeable. With regard to the judgment of $16,550.00 representing "child support", the defendant urges this Court to redetermine the amount of alimony and support which equitably should have been paid during the period that the deficiency accrued. Defendant argues that shortly after the entry of the 1968 Consent Decree, the Defendant became so financially destitute that he could not employ an attorney to seek appropriate relief in the Probate Court. Defendant further argues that the

Plaintiff had received substantially all of the parties' property and thus was in a position to support herself during that time. The Defendant now asks this Court to retroactively consider the earning capacity of each of the parties, their age and health and redetermine the alimony due during the period from 1969 until entry of the decree in 1976. With regard to the $6,657.40 judgment, the Defendant argues that this judgment represents property settlement and thus is dischargeable.

This Court disagrees with the above-stated position of the defendant. The bankruptcy court has no obligation and, indeed, no right to consider in April of 1981 whether or not an award which is designated as alimony and child support and payable directly to the spouse as such is the proper amount of alimony and child support which should have been awarded by the domestic relations court in November of 1968. Nothing in the Bankruptcy Code, case law, or legislative history indicates that the bankruptcy court should perform such a review.

■ Pursuant to 11 U.S.C. § 523(a)(5)(B), the bankruptcy court has a duty to look behind a divorce decree to determine whether liabilities labeled as alimony, support, or maintenance in that decree are indeed such or whether the payments are in the nature of property settlement. *Avery v. Avery,* 114 F.2d 768 (6th Cir. 1940); *In re Massimini,* 8 B.R. 428, 431 (Bkrtcy., E.D.Pa. 1981); *Monday v. Allen,* 4 B.R. 617, 619, 6 B.C.D. 576 (Bkrtcy.E.D.Tenn.1980); 3 Collier on Bankruptcy ¶ 523.15(1) (15th ed. 1980). *Cf. Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (holding the bankruptcy court is not confined to a review of the judgment and record in prior state court proceedings when considering the dischargeability of a debt). Additionally, the legislative history regarding this section indicates that Congress clearly intended for bankruptcy courts to continue to closely scrutinize divorce decrees and indeed provides that the standards which the bankruptcy court should apply are federal standards and not state standards. H.R. Rep.No. 95–595, 95th Cong., 1st Sess., 364

(1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6319. *See Monday v. Allen, supra; In re Knabe,* 8 B.R. 53, 7 B.C.D. 185 (Bkrtcy., S.D.Ind.1980); *In re Netherton,* 2 B.R. 50 (Bkrtcy., M.D.Tenn.1979). Accordingly, it is apparent that this Court has the duty to inquire into the divorce decree and subsequent consent decree and determine whether the required payments by the debtor contained therein are payments in the nature of alimony, maintenance, or support or whether a property settlement was intended.

■ The fact that the debtor's spouse has reduced the obligations of the debtor pursuant to the divorce decree to judgments against the debtor does not alter the character of the obligations with regard to whether they are dischargeable in bankruptcy. *Avery v. Avery, supra; Golden v. Golden,* 411 F.Supp. 1076 (S.D.N.Y.1976, aff'd per curiam 535 F.2d 213 (2nd Cir. 1976); Collier on Bankruptcy ¶ 17.19 (14th ed. 1980). The nature of the obligations upon which the judgment rests also are not altered by the fact that the judgment was rendered after some of the children had reached majority. *Hylek v. Hylek,* 148 F.2d 300, 302 (7th Cir. 1945) *affirming* 53 F.Supp. 657 (D.C.Ind.1944); *Spittergerber v. Church,* 1 B.C.D. 993 (B.Ct.W.D.Wis.1975).

The tax-oriented language of the 1976 Consent Decree did not change the nature of the decreed obligations. *See Warner v. Warner,* 5 B.R. 434, 6 B.C.D. 788, 792; CCH Bankr.L.Rptr. ¶ 67,631 (B.Ct.Utah 1980).

In determining whether certain obligations of payments by a spouse required pursuant to a Final Divorce Decree, Support Agreement, etc. represent payments of alimony, maintenance or support as opposed to property settlement, bankruptcy and other federal courts have usually considered the following factors:

1. Whether the obligations of payment terminate upon the death of either spouse or upon the remarriage of the spouse benefited by the payments;

2. Whether the obligation terminates when the dependent children reach majority age or are otherwise emancipated;

3. Whether the payments are to be made directly to the spouse;

4. The relative earnings of the parties;

5. Evidence that the spouse relinquished rights in property in return for the payment of the obligations;

6. The length of the parties' marriage and the number of dependent children;

7. The document itself and any inferences which can be drawn from placement of specific provisions within the document;

8. Whether the debt was incurred for the immediate living expenses of the spouse;

9. Whether the payments were intended for the economic safety of the dependent(s);

10. Whether the obligation is enforceable by contempt;

11. Whether the payments are payable in installments over a substantial period of time.

█ After consideration of all the evidence, it is clear that the judgment of $6,657.40 is merely a division of property and, thus, dischargeable in bankruptcy. The payments of the notes, house insurance and taxes on the house previously deeded to the former wife were conditioned on the former wife keeping the house as a home for herself and the children of the parties. Rather than indicate that the payments terminated upon the death or remarriage of the former wife or the emancipation of the children, the language indicates that the payments would terminate if the house were sold or used as rental property. It is not clear whether the payments would terminate upon the death of the debtor. Although the insurance and tax payments presumably would be made in the usual annual or semiannual manner, the notes on the house could be paid in full and that portion of the debtor's obligation would terminate as having been paid in full. Although the previously discussed support award was clearly for the economic safety of the wife and children, there is no evidence that without the payments by the debtor on the house-related obligations that the wife and children would have been left destitute. In other words, there is no evidence that the stated amount of support would be inadequate for their support. The inherent nature of the obligation cannot be said to have been to provide a home for the wife and children since the house in fact had previously been deeded to the wife. The parties had been married for 22 years at the time of their divorce. The payments were not to be made to the former wife. Payments to third parties have traditionally not been considered payments of support. *Netherton v. Netherton*, 2 B.R. 50 (Bkrtcy., M.D.Tenn.1979); *Monday v. Allen*, 4 B.R. 617 (Bkrtcy., E.D.Tenn.1980); *Gipson v. Gipson*, Adv.Proc.No. 280–0341 (B.Ct.M.D. Tenn. 8/15/80); *In re Williams*, 3 B.R. 401, 6 B.C.D. 341 (Bkrtcy., N.D.Ga.1980); *Crawford v. Crawford*, 8 B.R. 552 (B.Ct.D. Kan.1981).

Accordingly, the Court finds the $6,657.40 judgment dischargeable.

█ The judgment of $16,500.50 for "support" arrearage is clearly in the nature of support, maintenance, or alimony. The property settlement agreement is clear and unambigous in regard to this debt and evidences the intention of the parties that the payments were to discharge the debtor's legally enforceable duty of support. Although the final decree did not indicate that the support payments would terminate upon the remarriage or death of the wife or the emancipation of the children, the payments would obviously terminate upon the death of the debtor. The payments were to be made to the wife and were payable in installments over a substantial period of time. There is no evidence that the support payments were in exchange of any rights that the wife or children had in the property of the marriage. This court will defer to the Probate Court's determination of the necessary amount of support. In conclusion, this Court finds that the judgment of $16,500.50 plus interest is in the nature of support, maintenance or alimony.

However, having so determined does not end the Court's inquiry. In *Warner v. Warner, supra* 6 B.C.D. at p. 792, 5 B.R. 434, the court stated:

If, however, this Court determines that the debt is originally imposed for the support or maintenance of the spouse or children, the further inquiry must be made to determine the continuing nature of the debt up to the filing of the petition in bankruptcy. In other words, even if the debt was originally imposed on the basis of the need of the spouse or children, *the debt cannot be held nondischargeable unless at the time of filing there exists a present need by the spouse or children that the debt be paid.* (Emphasis added.)

*See also In re Lovett,* 6 B.R. 270, 272 (Bkrtcy., D.C.Utah 1980).

Two competing policies are involved herein: fulfillment of obligations to the ex-wife and children so as not to render them destitute and giving the debtor a fresh start unencumbered by preexisting debt. "Obviously, neither of these competing policy considerations should override the other." Lee, Case Comment, 50 Am.Bankr. L.J. 175, 177 (1976).

In the instant proceeding, the parties recognized that the need for support would end when the children reached age 18. The youngest child reached the age of 18 on March 9, 1980; the debtor's petition in bankruptcy was filed October 17, 1980. The defendant remarried some six years ago and has no current need for support payments. It is apparent that tested in light of circumstances existing at the time of the filing of the bankruptcy petition none of the parties for whom the support was intended would be left destitute and, indeed, were not in need of support payments. Appropriate state court remedies are available to force payment when the need exists. Such state court remedies existed when the need *existed*, that is when the children were to be supported under the decree. This order and this court are not interfering with either the award of the state court nor the enforcement of the award. We are viewing the situation as of the date of filing the bankruptcy petition. Relief from the burden of the $16,500.50 judgment is necessary for the debtor's fresh start.

Accordingly, the court finds the $16,500.50 judgment dischargeable.

An appropriate order will be entered.