**In re Edward SOKOLSKY, Debtor.**

**Audrey N. KUHN, Plaintiff,**

**v.**

**Edward SOKOLSKY, Defendant.**

**Bankruptcy No. 81–411–BK–J–GP.**
**Adv. No. 81–248.**

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

Feb. 25, 1982.

Elliot Zisser, Jacksonville, Fla., for plaintiff.

Dale G. Westling, Jacksonville, Fla., for defendant.

## MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

This is an action seeking an exception to discharge under § 523(a)(5) of the Bankruptcy Code.

Audrey N. Kuhn, plaintiff, is the former spouse of Edward Sokolsky, defendant. Plaintiff asserts that defendant is indebted to her in the amount of $15,635.00 plus interest. Said amount represents child support in connection with a divorce decree for two children born during the marriage of plaintiff and defendant. Defendant admits that his indebtedness to plaintiff arose originally out of a child support obligation. However, defendant contends that since the obligation was reduced to a money judgment seven and one-half years after the younger of the two children affected had reached majority, the debt is dischargeable.

Section 523(a)(5) of the Bankruptcy Code specifically provides that a discharge in bankruptcy does not discharge the debtor from a debt

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement . . . .

To decide this case the Court must determine whether the fact that plaintiff obtained a judgment against defendant after the children had reached their majority so changes the nature of the underlying debt such that plaintiff is precluded from asserting that the debt is non-dischargeable under § 523 of the Bankruptcy Code.

In the case of *Hylek v. Hylek*, 148 F.2d 300 (7th Cir. 1945), the Court had before it a case whose facts are strikingly similar to the matter before this Court. In *Hylek*, as in this case, the debtor asserted that his debt for child support was extinguished by the discharge in bankruptcy since the children had reached their majority before the debt was reduced to judgment. In addressing debtor's assertion that Court held as follows:

> The nature of the obligation upon which the judgment rests was not altered by the fact that the children reached their majority before the judgment was obtained. To relieve the father of such liability because the children had reached their majority prior to the rendition of the judgment would, in our view, run counter to the purpose and spirit of Sec. 17 of the Bankruptcy Act, 11 U.S.C.A. § 35.

*Id.* at 303. Citing from the case of *Dunbar v. Dunbar*, 190 U.S. 340, 351, 23 S.Ct. 757, 761, 47 L.Ed. 1084 (1903), which was decided by the United States Supreme Court, the Court further stated that "We think it was not the purpose of Congress, in passing a bankruptcy act, to provide for the release of the father from his obligation to support his children by his discharge in bankruptcy . . . ." *Id.* at 302.

This Court adopts the view of the Seventh Circuit. Defendant was legally obligated to provide support for his two children, but failed to do so. The purpose of the discharge in Bankruptcy is to provide the debtor with a fresh start. However, the Bankruptcy Code must be viewed in light of underlying public policy considerations. In affording the debtor a fresh start, Congress did not intend to permit him to neglect his familial obligations.

Wherefore, in view of the foregoing discussion, the Court shall separately enter a final judgment declaring the debt to be non-dischargeable.