**In re James G. MELTON, Sherry Melton, Debtors.**

**Sheryl LABELLE, Plaintiff,**

v.

**James G. MELTON, Defendant.**

Bankruptcy No. 83–00052–A.

Adv. No. 83–0109–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Nov. 8, 1983.

Clare L. McCulla, Alexandria, Va., for plaintiff.

Joyce S. Wade, Alexandria, Va., for defendant.

Roy B. Zimmerman, Alexandria, Va., trustee in bankruptcy.

MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The plaintiff, Sheryl Labelle, seeks a determination from the Court that a debt of $1,190.00 owed to plaintiff by the defendant, James G. Melton, is child support and nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(5).

The plaintiff and defendant were divorced in 1977. The divorce decree ordered the defendant to pay $20.00 a week as support for the plaintiff and to pay $30.00 a week as support for the parties' minor child, Terry Ann Melton. Defendant became delinquent in his child support. Plaintiff remarried in 1978. At plaintiff's request, defendant consented to the adoption of the child by the plaintiff's husband, James Allen Labelle. For reasons not important in the instant case, no such adoption took place. In March 1982, at plaintiff's request, the Juvenile and Domestic Relations Court of the City of Alexandria, Virginia ("the Juvenile and Domestic Relations Court") vacated future child support payments *nunc pro tunc.* The Juvenile and Domestic Relations Court, however, ordered that defendant pay plaintiff $20.00 a week toward the child support arrearage in the amount of $1,770.00. The arrearage was $1,190.00 at the time of the filing of the defendant's Petition in Bankruptcy.

Both parties agree that the issue to be decided by the Court is whether the arrearage of payments is for child support or is a debt dischargeable in bankruptcy. Plaintiff argues that the arrearage is nondischargeable child support payments under 11 U.S.C. § 523(a)(5), declaring that neither of the two exceptions to that subsection are applicable. The two exceptions to dischargeability under 11 U.S.C. § 523(a)(5) are assignment of the debt to a third party and payments labelled child support but not

in the nature of child support. Plaintiff further contends that defendant's consent to the adoption has no effect on defendant's common-law and court-ordered obligation of support or on the nature of the arrearage. Plaintiff concludes by stating that even a finalized adoption would not affect the arrearage because the missed payments represent a debt for an obligation preceding the period of consent.

Defendant argues the arrearage is a debt dischargeable in bankruptcy, a sum certain to be paid during a period of over one year having none of the characteristics of support. Drawing a mandatory connection between a parent's rights to a child and that parent's obligation to provide support, defendant contends that by consenting to the adoption defendant has no parental rights in the child because the natural parent has no rights to an adopted child under Virginia law. 1950 Code of Virginia § 63.1–233 (1980 Repl. vol.). Third, defendant maintains that if the order had been reduced to a judgment, the debt would be dischargeable. Defendant cites *Fife v. Fife,* 1 Utah 2d 281, 265 P.2d 642 (1954), a Supreme Court of Oregon case, to support this contention. In *Fife,* the court ordered the debtor to pay certain debts on jointly-acquired property awarded to the debtor's wife in an annulment action. After the debtor's discharge in bankruptcy, the wife obtained a state court judgment for the amount owing on the debts. The *Fife* court vacated this order stating that the order should have no greater stature than the judgment would have had as far as dischargeability was concerned. 265 P.2d at 643.

Defendant also asserts that a discharge of the debt would not be violative of public policy because the discharge would occur only when a noncustodial parent traded parental rights for the termination of that parent's duty to support the child with the consent of the custodial parent and of the court. Presumably, both the custodial parent and the court act in the best interests of the child. In addition, because there is no allegation of need, defendant contends the child is not in need of support. Finally, defendant maintains that by finding the debt nondischargeable the Court would grant the plaintiff a preference over other creditors in a situation where public policy does not mandate the preference.

Both parties cite *Hylek v. Hylek,* 148 F.2d 300, 302 (7th Cir.1945), in their briefs. In *Hylek,* the plaintiff-debtor was to pay child support pursuant to his divorce from the defendant. Plaintiff did not pay, arguing that because the children had reached their majority before the state court rendered judgment for past due installments of support money he was not liable and that bankruptcy proceedings had discharged the judgment. The *Hylek* court held the debt nondischargeable. Defendant in the instant case distinguishes *Hylek* by stating that a discharge in that instance would have violated public policy by rewarding the debtor's practice of failing to make support payments until the children had reached their majority. Defendant maintains that public policy would not be violated by granting a discharge in this instance because of the plaintiff's and the Juvenile and Domestic Relations Court's involvement. Plaintiff cites the *Hylek* case as supporting her position.

The record does not indicate that defendant consented to the adoption in exchange for plaintiff asking the Juvenile and Domestic Relations Court to vacate child support payments. *See In re Chapman,* 20 B.R. 810, 814 (Bkrtcy.E.D.Va.1982). In addition, it is clear that the defendant continued under a legal duty to provide for the support of his child. Under Virginia law, this duty is eradicated only upon the final order of adoption. 1950 Code of Virginia § 63.1–233 (1980 Repl. vol.). There has been no final adoption order in this instance. The plaintiff also has a common-law duty of providing for her child. Plaintiff cannot abdicate her parental responsibility because defendant has failed to fulfill his responsibility. Defendant states in his brief at pages 4–5 that "[t]he money to be paid is to the mother for funds advanced for the child's support while the debtor was under an obligation to pay support."

Although the context was dissimilar, this Court has held that reimbursement of prior

joint or joint-and-several obligations has the effect of alimony and is non-dischargeable in bankruptcy. *Matter of Smith,* 3 B.R. 224, 231 (Bkrtcy.E.D.Va.1980). In *Smith,* plaintiff, Margaret Mahoney, received a Judgment of Limited Divorce from the Domestic Relations Branch of the Family Division of the Superior Court for the District of Columbia (Superior Court). The Superior Court directed defendant-debtor, Jeff Alexander Smith, to make support payments of $50.00 a month and provide plaintiff with additional amounts needed to reimburse her for payment of prior joint or joint-and-several obligations incurred by the parties. In the instant case and in the *Smith* case, one party advanced monies to fulfill obligations owed, at least in part, by the other party.

Because the Juvenile and Domestic Relations Court in the instant case vacated only future child support payments *nunc pro tunc,* past payments missed by the defendant should retain their character as child support payments. Thus, the Court finds the arrearage of payments is for child support, nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(5).

An appropriate Order will enter.