# IN THE COURT OF APPEALS OF TENNESSEE
# MIDDLE SECTION AT NASHVILLE

**FILED**

November 19, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| LARRY LeMASTERS, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | |
| | ) | Davidson Circuit |
| VS. | ) | No. 96D-82 |
| | ) | |
| | ) | Appeal No. |
| LINDA LeMASTERS ROSS, | ) | 01A01-9702-CV-00070 |
| | ) | |
| Defendant/Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE

### THE HONORABLE MURIEL ROBINSON, JUDGE

For the Plaintiff/Appellee:

Daniel C. Masten
Richard D. Taylor, Jr.
V.A. (Bo) Melton, Jr.
Nashville, Tennessee

For the Defendant/Appellant:

Charles Galbreath
Nashville, Tennessee

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# OPINION

This appeal concerns the enforceability of an Indiana judgment for unpaid child support. The judgment creditor filed an action to register and enforce the judgment in the Circuit Court for Davidson County. The judgment debtor contested the enforceability of the debt on the ground that it had been discharged in bankruptcy. Following a bench trial, the trial court held that the judgment had not been discharged, and the judgment debtor appealed. We affirm the trial court's conclusion that the debt for unpaid child support was not dischargeable in bankruptcy.

## I.

Larry LeMasters and Linda LeMasters Ross were divorced in Indiana in September 1987. Mr. LeMasters received custody of the parties' daughter, and Ms. Ross was directed to pay Mr. LeMasters child support. Apparently, Ms. Ross did not live up to her child support obligation or other obligations in the divorce decree. On September 25, 1989, after the parties' daughter became emancipated by marriage, Mr. LeMasters obtained a judgment against Ms. Ross in the Superior Court for Marion County, Indiana for $1,140 in unpaid child support, $2,089.54 payable to Mr. LeMasters as a result of the division of the marital property, and $450 for attorney's fees incurred to collect the child support arrearage.

Approximately one month after Mr. LeMasters obtained his Indiana judgment, Ms. Ross filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee. On July 31, 1990, the bankruptcy court entered an order discharging all of Ms. Ross's dischargeable debts, including the $2,089.54 debt arising out of the division of the marital property in the parties' divorce. The record contains no evidence that the bankruptcy court also discharged Ms. Ross's child support debt.

On January 9, 1996, Mr. LeMasters filed a complaint in the Circuit Court for Davidson County to enforce portions of the Indiana judgment relating to the child support arrearage and the attorney's fees. Ms. Ross responded that this debt had been discharged in bankruptcy and that she was entitled to a set-off for the value of

property that Mr. LeMasters had not delivered to her. She also asserted that Mr. LeMasters's claim was frivolous and requested $100,000 in compensatory and punitive damages. Following a bench trial, the trial court entered an order on October 7, 1996, awarding Mr. LeMasters $2,221.54, representing the $1,140 Indiana judgment for child support arrearage plus ten percent interest. Shortly thereafter, the sheriff seized jewelry and cash from Ms. Ross sufficient to satisfy Mr. LeMasters's judgment. In response to Ms. Ross's motion to stay the sale of her jewelry, the trial court directed the clerk of the trial court to hold the seized jewelry and cash pending the outcome of this appeal.

## II.

Even though she concedes that the $1,140 debt was originally for child support, Ms. Ross argues that under Tennessee law the emancipation of the parties' daughter transformed her nondischargeable child support debt into an ordinary, dischargeable debt. This argument contains two significant flaws. First, it reflects a misreading of the Tennessee cases, and second, it ignores that the dischargeability issue is a matter of federal, not state, law.

The Tennessee Supreme Court has decided two cases involving the procedures for enforcing judgments for past unpaid child support. The court emphasized in both cases that a parent is not relieved from liability for unpaid child support after the child becomes emancipated by reaching the age of majority. *See Kuykendall v. Wheeler*, 890 S.W.2d 785, 786 (Tenn. 1994); *Clinard v. Clinard*, App. No. 01S01-9502-CV-00021, 1995 WL 563858, at *3 (Tenn. Sept. 25, 1995) (Designated Not for Publication). The court held that the only procedures for collecting money judgments for unpaid child support were the statutory procedures available to collect other money judgments. Prior to July 1, 1994, these procedures included execution, garnishment, and judicial liens. *See Kuykendall v. Wheeler*, 890 S.W.2d at 786. After July 1, 1994, following the enactment of Tenn. Code Ann. § 36-5-101(k),[1] parties may also collect money judgments for past due child support using contempt proceedings. *See Clinard v. Clinard, supra*, 1995 WL 563858, at *3.

---

[1] Act of April 21, 1994, ch. 987, § 2, 1994 Tenn. Pub. Acts 1007, 1009.

Neither *Kuykendall v. Wheeler* nor *Clinard v. Clinard* address the nature of a debt for unpaid child support and certainly stop short of holding that a debt for unpaid child support is no longer a child support debt when the child becomes emancipated. Both cases deal only with the procedures available to enforce a judgment for child support arrearage. Accordingly, as a matter of state law, we find that a debt for unpaid child support remains a child support debt even after the child for whom the support should have been paid has been emancipated.

As if to compound her misinterpretation of the *Kuykendall* and *Clinard* cases, Ms. Ross also insists that these cases somehow control the dischargeability in bankruptcy of her debt for unpaid child support. This argument overlooks Congress's unrestricted and paramount power under U.S. Const. art. I, § 8, cl. 4 to establish uniform bankruptcy laws throughout the United States. Any state law or interpretation of state law that frustrates the purposes of the federal bankruptcy law or interferes with its purposes is invalid. *See In re Wimmer*, 121 B.R. 539, 543 (Bankr. C.D. Ill. 1990); *In re Phillips*, 13 B.R. 811, 815 (Bankr. N.D. Ohio 1981). The meaning and effect of the bankruptcy laws do not depend on any individual state's laws. *See In re Hunter*, 122 B.R. 349, 355 (Bankr. N.D. Ind. 1990). Only federal bankruptcy law, not state case law, determines the nature and dischargeability of a debt in bankruptcy.

One of the most venerable principles of American bankruptcy law is that a debtor's obligation to provide spousal support cannot be discharged. *See In re Swate*, 99 F.3d 1282, 1286 (5th Cir. 1996) (quoting *In re Tessler*, 44 B.R. 786, 787 (Bankr. S.D. Cal. 1984)). This principle is embodied in 11 U.S.C.A. § 523(a)(5) (1993 & Supp. 1997) which provides that a discharge does not relieve an individual debtor from any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record." Thus, while state law may guide the federal courts in ascertaining the nature of the obligation, federal law will determine whether the purported spousal or child support is dischargeable. *See In re Singer*, 787 F.2d 1033, 1035 (6th Cir. 1986) (Guy, J., concurring); *In re Prager*, 181 B.R. 917, 920 (Bankr. W.D. Tenn. 1995) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 364 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 79 (1988)). The strong

policy favoring the enforcement of spousal and child support orders in 11 U.S.C.A. § 523(a)(5) overcomes the general rule that exceptions to discharge should be construed in the debtor's favor. *See In re Miller*, 55 F.3d 1487, 1489 (10th Cir. 1995); *In re MacDonald*, 194 B.R. 283, 287 (Bankr. N.D. Ga. 1996).

Federal courts are not bound by and must look beyond the label the parties or the state courts attach to a debt. *See In re Chism*, 169 B.R. 163, 169 (Bankr. W.D. Tenn. 1994). However, when there is no question that an obligation is for support, and is designated as such, the obligation is not dischargeable in bankruptcy. *See In re Fitzgerald*, 9 F.3d 517, 521 (6th Cir. 1993); *In re Prager*, 181 B.R. at 920. Accordingly, the weight of authority is that a post-majority child support arrearage is not dischargeable in bankruptcy. *See Hylek v. Hylek*, 148 F.2d 300, 302-03 (7th Cir. 1945); *In re Harrell*, 33 B.R. 989, 995 (N.D. Ga. 1983); *In re Ehlers*, 189 B.R. 835, 840 (Bankr. N.D. Ala. 1995); *In re Sokolsky*, 18 B.R. 138, 139 (Bankr. M.D. Fla. 1982); *In re Beck*, No. 92-22414-B, 1994 WL 687446, at *5 (Bankr. W.D. Tenn. Dec. 6, 1994).

Reducing a child support arrearage to judgment does not change the nature of the underlying debt for dischargeability purposes. *See In re Swate*, 99 F.3d at 1289; *In re Avery*, 114 F.2d 768, 769 (6th Cir. 1940); *In re Nelson*, 16 B.R. 658, 660 (Bankr. M.D. Tenn. 1981). As one court pointed out,

> The nature of the obligation upon which the judgment rests was not altered by the fact that the children had reached their majority before the judgment was obtained. To relieve the father of such liability because the children had reached their majority prior to the rendition of the judgment would, in our view, run counter to the purpose and spirit . . . of the Bankruptcy Act.

*Hylek v. Hylek*, 148 F.2d at 303. Dischargeability of a debt is determined by the substance of the liability, or the nature of the claim, instead of its form. *See In re Dennis*, 25 F.3d 274, 277-78 (5th Cir. 1994).

Because the record contains no evidence that Ms. Ross's $1,140 debt to Mr. LeMasters was anything other than child support or that the bankruptcy court actually discharged this debt, Ms. Ross's child support arrearage was not discharged in

bankruptcy. Accordingly, we affirm the trial court's order that Mr. LeMasters's Indiana judgment of unpaid child support is enforceable in Tennessee.

## III.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Linda LeMasters Ross and her surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
BEN H. CANTRELL, JUDGE