**In re Patrick F. HENRY, Debtor.**

**Patrick F. HENRY, Plaintiff,**

**v.**

**Norma HENRY, Defendant.**

**Bankruptcy No. 79–883–ORL–BK–GP.
Adv. No. 80–14.**

United States Bankruptcy Court,
M. D. Florida,
Orlando Division.

July 25, 1980.

Fredric M. Hitt, Altamonte Springs, Fla., for defendant.

Jules S. Cohen, Orlando, Fla., for plaintiff.

## MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

Plaintiff, the debtor in this case, has initiated this adversary proceeding to determine the dischargeability of his obligation to make certain mortgage payments on his former marital home. The issue is whether the second mortgage debt of the husband is

excepted from the discharge by virtue of § 523(a)(5) of the Bankruptcy Code. Bankruptcy law, not State law, determines whether the obligation in question is in the nature of alimony, maintenance, or support.

 The plaintiff and the defendant were divorced on February 6, 1979. By the terms of the separation agreement entered into by the parties on January 5, 1979, the plaintiff undertook to convey his interest in the former marital home to his wife and to make the second mortgage payments thereon. The agreement provided for child support payments, and, in it, the defendant waived her claim to alimony.

The first point of reference in making this determination is the agreement itself. There is a specific provision for child support, but, other than the waiver of alimony, there is no mention of direct payments to the former wife. Property settlement and support provisions are interwoven throughout the agreement, so that no inference can be drawn from the placement of specific provisions within the document.

Looking beyond the four corners of the document, the Court finds a number of indicia that the second mortgage payments were in the nature of alimony. The marriage lasted twelve years and produced three minor children. Although direct provision was made in the agreement for child support, the comments of the Court in *Poolman v. Poolman*, 289 F.2d 332, 335 (8th Cir. 1961) are appropriate here:

> It is safe to say that the obligation to maintain and support a family includes the obligation to keep a roof over their heads. It is obvious that that is what the bankrupt undertook to do when he agreed to keep up the installment payments on the trust deed upon the home in which his divorced wife and children were to live. That the obligation has become unduly burdensome cannot be considered in determining the legal effect of his discharge.

Further bolstering the interpretation of the payments as in the nature of alimony is that they were to be made through the clerk of the court and not directly to the mortgage company and that non-payment of the obligation was punishable by contempt.

 Also, where an obligation is payable in installments over a substantial period of time, courts are inclined to rule that alimony and support, rather than a property settlement, was intended. *In re Smith*, 436 F.Supp. 469, 475 (N.D.Ga.1977).

On October 30, 1979, the plaintiff petitioned the State court for a modification of his obligation to make the child support and second mortgage payments. Plaintiff argues that because he was unrepresented at the time, he should not be estopped from asserting that the second mortgage obligation is an ordinary debt dischargeable in bankruptcy. The Court is of the view that although the plaintiff may have not been aware of the full legal significance of his actions, his state court petition for modification reveals that he regarded the second mortgage obligation as something other than an ordinary debt.

Wherefore, in accordance with the foregoing discussion, the Court shall separately enter a final judgment on behalf of the defendant.