**In re Gerald BRADLEY, Debtor.**

**Gerald BRADLEY, Plaintiff,**

**v.**

**Carolyn D. Bradley HARPER, Defendant.**

**Bankruptcy No. 381–00916.**
**Adv. No. 381–0265.**

United States Bankruptcy Court,
M. D. Tennessee.

Dec. 17, 1981.

W. Lee Corbett, D. K. Campbell-Bell, Nashville, Tenn., for plaintiff.

Luther E. Cantrell, Jr., Nashville, Tenn., for defendant.

## MEMORANDUM

PAUL E. JENNINGS, Bankruptcy Judge.

This matter is before the Court for determination of the dischargeability of monies owed by Gerald Bradley (Debtor) to Carolyn Bradley Harper. It is insisted by Debtor that the debts in question do not fall within the exception to discharge provided in 11 U.S.C. § 523(a)(5). That section, as amended, provides as follows:

(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse, or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of laws, or otherwise (other than debts assigned pursuant to § 402(a)(26) of the Social Security Act); or

(B) such debts includes a liability designed as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 752, F.R.B.P.

On June 22, 1977, a Decree of Dissolution of Marriage of the parties was entered in the Muhlenberg Circuit Court, Muhlenberg County, Kentucky. The Decree incorporated a Separation Agreement which had been executed by the parties on April 19, 1977. The Decree recited that the parties were married on September 1, 1963. The Separation Agreement stipulated that Dana Lynn Bradley, infant child of the parties, was to be placed in the custody and care of her mother, Defendant herein.

The Separation Agreement also included provisions regarding support and maintenance for Defendant and the Child and property settlement. At the hearing on November 24, 1981, it was the Debtor's uncontroverted testimony that many of the debts had been paid prior to the filing of his petition on March 19, 1981. Defendant's Counsel stated at the hearing that Defendant does not dispute Debtor's assertion that the outstanding debts to third parties represent property settlement and are dischargeable in bankruptcy. The Court, therefore, grants the discharge of the Debtor's obligations to pay property insurance, state property taxes, and county property taxes on the Defendant's residence, Debtor's obligation to provide Defendant with a country club membership, and Debtor's obligation on past due life insurance premiums in the amount of $1,017.55. Testimony at the hearing indicated that the life insurance policy has been cashed by the Defendant.

Those matters having been resolved, the Court is now left with the determination of the dischargeability of the following provisions:

2. ...

a. The sum of FIVE HUNDRED ($500.00) DOLLARS a month for alimony, maintenance and support of Carolyn D. Bradley, which payments to continue until the death of the said Gerald Bradley;

. . . . .

c. The Petition, Carolyn D. Bradley, expects and intends to have Dana Lynn Bradley included in her Blue Cross and Blue Shield policy in September, 1977. Until that date and if she should not secure said coverage, the Petitioner, Gerald Bradley, shall provide and maintain medical and hospital coverage for said infant, Dana Lynn Bradley. In the event Petitioner, Carolyn D. Bradley, does secure coverage on the infant, Dana Lynn Bradley, under her policy then Gerald Bradley shall be liable and obligated for any and all other medical, dental and hospital expenses for said infant, Dana Lynn Bradley, not covered by the policy of Carolyn D. Bradley.

d. The above payments shall be due on the 28th day of the month immediately after the entry of the decree of dissolution and shall be due and payable on the 28th day of each month thereafter.

On June 10, 1981, an Opinion (Exhibit 3) was entered by the Honorable Judge Paxton of the Muhlenberg Circuit Court which stated that although Debtor should not be held in contempt of court for violation of the June 22, 1977 Dissolution of Marriage Decree, he should be required to pay the following debts:

| | | |
|---|---|---:|
| (a) | Dr. Brashear | $ 160.00 |
| (b) | Life Insurance Premiums | 1,017.55 |
| (c) | Property Taxes | 256.12 |
| (d) | Dr. Brown | 15.00 |
| (e) | Child Support | 800.00 |
| (f) | Alimony | 1,000.00 |
| (g) | Muhlenberg Community Hosp. | 58.64 |
| (h) | Dr. Moore | 55.00 |
| | | $3,362.31 |

The Opinion further stated that it was Judge Paxton's legal conclusion that the terms of the June 22, 1977 Decree were "unconscionable" by Debtor's changed financial circumstances. Judge Paxton then modified the June 22, 1977 Decree by reducing child support from $500.00 per month to $275.00 per month and reducing maintenance to Defendant from $500.00 per month to $300.00 per month. Debtor's counsel was directed to "draw an Order consistent with this Opinion and CPR 45–4." The record does not show that such an order was entered. However, on August 5, 1981, Judge Paxton entered an Order awarding Defendant judgment for past due child support in the amount of $1,913.64. The Judge then ordered

2. That the question of maintenance payments and other obligations under orders heretofore entered, in the past and in the future be held in abeyance pending decision of the Bankruptcy Court in case number 381–00916, styled IN RE: Gerald Bradley, Ind. & fdba a ptnr. in the ptnrship of Trux Company and Add Lime Co., United States Bankruptcy Court, For the Middle District of Tennessee.

It is Debtor's position that Defendant's obligation to pay $500.00 per month for alimony, maintenance and support of Defendant has been voluntarily assigned to the mortgage company holding the first mortgage on the property and thus is dischargeable pursuant to 11 U.S.C. § 523(a)(5)(A). Debtor relies upon the following language in the Separation Agreement for support of his argument of assignment:

There is presently a mortgage on said property [Defendant's home] and Carolyn D. Bradley shall be obligated to make and continue the payments on said mortgage from the payment made her in 2a herein.

Debtor argues that the Bankruptcy Court is not bound by the label given the payment, but instead should look at the nature of the debt in determining its dischargeability. Debtor further argues that the Defendant has remarried and thus her new spouse should assume the responsibility for the

marital obligations of the Defendant. With regard to the outstanding debts representing doctors' bills, Debtor argues that these debts are payable to third parties and thus are dischargeable under 11 U.S.C. § 523(a)(5)(A).

It is the Defendant's position that the $500.00 per month payment is alimony and/or maintenance and therefore is not dischargeable. Defendant argues that there has not been an assignment of any of the monies to the mortgage company and further points out that the monthly payment is to continue until Debtor's death regardless of when the mortgage may be paid in full. Defendant testified that her monthly mortgage payments are $328.86 per month now and were less at the time of the execution of the Separation Agreement. Defendant further testified that the debts to the Doctors were incurred by the parties' child. Defendant argues that the child's medical and dental expenses not covered by Defendant's insurance plan were to be paid by Debtor *directly* to the Defendant pursuant to paragraph 2d of the Separation Agreement; therefore, these debts are not debts to third parties and thus should be held nondischargeable under 11 U.S.C. § 523(a)(5)(A). Defendant also asserts that the payments were intended to be in the nature of child support in view of the child's continuing bad health.

■ The language relied upon by Debtor is insufficient to establish Defendant's intention to make a legal assignment of the monthly payment or any amount thereof to the mortgage holder. An assignment is a transfer of property, right or interest from one person to another. 6 Am.Jur.2d ASSIGNMENTS § 1 (1963). Defendant did not give up any control of the money and although the language evidences an agreement between Debtor and Defendant, it does not evidence any agreement between Defendant and the mortgage company. It is well established in Tennessee that

An assignment is a contract subject to the same requisites as to validity as other contracts, such as proper parties, mutual assent, consideration and legal subject matter. *Hutsell v. Citizens National Bank*, 166 Tenn. 598, 64 S.W.2d 188, 190, *citing* 5 Corpus Juris, p. 840.

There being no further offer of proof of assignment, the Court finds there has been no assignment by Defendant of any part of the $500.00 monthly payment.

■ It is clear from all of the evidence that the $500.00 per month payment is in the nature of support or maintenance. The payments are not for a total sum certain and are payable over a potentially long period of time. *Matter of Albin*, 591 F.2d 94, 97 (9th Cir. 1979); *Woods v. Crab*, 3 B.C.D. 750 (7th Cir. 1977); *In re Henry*, 5 B.R. 342, 2 C.B.C.2d 726 (Bkrtcy., M.D.Fl. 1980); *In re Smith*, 436 F.Supp. 469 (N.D. Ga.1977) (B.J.); *Cohen v. Taubenkimel*, 4 B.C.D. 51 (D.N.J.1978) (B.J.); *In re Snyder*, 7 B.R. 147 (W.D.Va.1980). The payment terminates only upon the death of the Debtor. *Rule v. Rule*, 612 F.2d 1098, 5 B.C.D. 1363 (8th Cir. 1980); *Matter of Albin, supra; In re Snyder, supra; In re Salinas*, 2 B.C.D. 864 (D.C.Ore.1976) (B.J.); *In the Matter of Mell*, 1 B.C.D. 651 (N.D.Il.1975) (B.J.); *Wyrick v. Wyrick*, Adv.Proc.No. 380–0367 (B.Ct.E.D.Tenn.1981). In view of the specific proviso that the Defendant was to use part of the money for payment of the mortgage on the home, clearly the payments were for the economic safety of the Defendant and the parties' infant child. *Matter of Albin, supra; Williams v. Gurley*, 3 B.R. 401, 6 B.C.D. 341 (Bkrtcy., N.D.Ga. 1980); *Ost v. Melichar*, 2 B.C.D. 1715 (D.Md. 1977) (B.J.); *Fisher v. Evans*, 2 B.R. 85, 5 B.C.D. 1219 (Bkrtcy., W.D.Mo.1979) (B.J.); *Deems v. Schauer*, 5 B.C.D. 517 (D.N.D. 1979) (B.J.); *Wyrick v. Wyrick, supra; Monday v. Allen*, 4 B.R. 617, 6 B.C.D. 576 (Bkrtcy., E.D.Tenn.1980); *Fox v. Carlile*, 5 B.R. 317, 6 B.C.D. 709 (Bkrtcy., N.D.Tx. 1980). The payments were to be made directly to Defendant. *In re Crawford*, 8 B.R. 552, 7 B.C.D. 275 (Bkrtcy., D.Kan. 1981); *In re Knabe*, 8 B.R. 53, 7 B.C.D. 185 (Bkrtcy., S.D.In.1980); *Monday v. Allen, supra*. Accordingly, the Court finds the $500.00 monthly payment to be in the na-

ture of support and maintenance for Defendant.

 It is also clear that the outstanding medical, dental, and hospital bills are in the nature of child support. Defendant testified that the bills were incurred for the benefit of the parties' child who has a history of health problems. Thus, the inherent nature of the obligations is that of child support. The provision in the Separation Agreement directing Debtor to pay all medical, dental and hospital expenses over and above those covered by insurance was included in the section dealing solely with support. *Woods v. Crab, supra; In re Henry, supra; Iler v. Iler*, Adv.Proc.No. 380–0271 (B.Ct.E.D.Tenn.1980); *In the Matter of Mell, supra; In re Snyder, supra; In re Franklin*, 1 B.C.D. 1166 (N.D.Tenn.1975) (B.J.). The payments were also to be made directly to Defendant. *In re Crawford, supra; In re Knabe, supra; Monday v. Allen, supra.* Accordingly, the Court finds the debts to be in the nature of child support.

However, a finding that an obligation is in the nature of support or maintenance does not end the Court's inquiry in its determination of the dischargeability of the obligation. In *Benz v. Nelson*, 16 B.R. 658 (Bkrtcy., M.D.Tenn.1981), this Court adopted the following determination by the court in *Warner v. Warner*, 6 B.C.D. 788, 792, 5 B.R. 434; CCH Bankr.L.Rptr. ¶ 67,631 (Bkrtcy., D.C.Utah 1980) that

the debt cannot be held nondischargeable unless at the time of filing there exists a present need by the spouse or children that the debt be paid.

As recognized in *Benz v. Nelson, supra*, two competing policies must be balanced: fulfillment of the obligations to the ex-spouse and children so as not to leave them destitute and giving the Debtor the fresh start contemplated by the Code.

In the instant proceeding, it was argued that the Defendant is now remarried and her new husband should assume the full responsibility of supporting Defendant. That argument surely was raised at the hearing before the Kentucky state court judge to reduce the amount of payments to Defendant and the child support payments. Counsel for both parties indicated to this Court that under Kentucky law an obligation to support an ex-spouse does not automatically terminate upon the remarriage of the receiving spouse. This Court defers to Judge Paxton's determination of the Defendant's support needs. Based upon the foregoing it is the determination of the Court that the $300.00 per month payment (as reduced by the state court at the hearing of June 10, 1981) is nondischargeable. The state court also determined that the outstanding medical, dental, and hospital bills should be paid by Debtor. *See* Exhibit 3. This Court, having previously found the obligations to be in the nature of child support, now further finds these debts to be nondischargeable.