**In re Arlyn Leonard VOSS fdba A & M Trucking, Debtor.**

**Vicki Joy VOSS, Plaintiff,**

v.

**Arlyn Leonard VOSS fdba A & M Trucking, Defendant.**

**Bankruptcy No. 81–00070.
Adv. No. 81–0309.**

United States Bankruptcy Court, N. D. Iowa, Cedar Rapids Division.

June 4, 1982.

Donald L. Carr II, Cedar Rapids, Iowa, for plaintiff.

Brad J. Brady, Cedar Rapids, Iowa, for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDERS with Memorandum Finding Debt to be Nondischargeable

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is Plaintiff Vickie Joy Voss's 11 U.S.C. § 523(a)(5) complaint against Defendant Arlyn Leonard Voss. Attorney Donald L. Carr II of Cedar Rapids, Iowa, represented Ms. Voss. Attorney Brad J. Brady represented Mr. Voss. No trial was held on the matter. The parties submitted Briefs and a Stipulation of Facts and Introduction of Documents, and the Court, having been fully advised, now makes the following Findings of Fact, Conclusions of Law, and Orders.

### FINDINGS OF FACT

1. On January 12, 1979, Arlyn Leonard Voss, debtor/defendant, and Vickie Lee Voss, plaintiff, borrowed $9,024.40 at a 15% annual rate from CIT Financial Services. The Vosses used this money as the down

payment on a 1979 White Western Star Truck. The terms of this loan called for monthly payments of $178.00. Payments were to begin on February 17, 1979. The last payment was due January 17, 1987. The loan was secured by the Vosses' residence (Hoover Place home). The Vosses were married at the time of this loan.

2. In connection with their pending dissolution, the Vosses each stated the value of their marital assets on December 3, 1979. Mr. Voss claimed the market value of the Hoover Place home to be $75,000. Ms. Voss claimed that value to be $65,000.

3. On April 10, 1980, the Vosses signed a Stipulation of Settlement. In Paragraph one of that settlement, Ms. Voss was given custody of the three minor children. Mr. Voss's visitation rights were set forth in Paragraph two. In Paragraph three, Mr. Voss was obligated to pay $80 per week in child support. The stipulation provided that this amount would decline as each child reached the age at which Mr. Voss was no longer legally required to provide for that child. In Paragraphs four and seven, Ms. Voss was given the Hoover Place home. Ms. Voss was to make the $353 per month first mortgage payments on that house; Mr. Voss was to make the $178 per month second mortgage payments on that house. The second mortgage payments resulted from the January 12th, 1979, loan. The critical language of ¶ 4 provided:

> In the event of the sale of the real estate by [Ms. Voss] . . . which would result in the second mortgage having to be paid by [her] . . ., then [Mr. Voss] . . . shall pay to [Ms. Voss] . . . the monthly payments required to pay said loan in accordance with its terms, and may pre-pay any balance to [Ms. Voss] . . . without penalty.

Paragraphs five and six contained the terms of the property settlement between the Vosses.

4. On April 10, 1980, Mr. Voss's weekly take home income was $165.00. Ms. Voss was unemployed.

5. On May 5, 1980, Mr. Voss received notice that his White truck had been sold on April 2, 1980, as a repossessed vehicle by the Sales Agency, Inc. Mr. Voss had authorized this sale on February 13, 1980. The truck sold for $41,650.00, of which Mr. Voss received $459.04.

6. On May 29, 1980, the Vosses were granted a dissolution by the Linn County District Court in Cedar Rapids, Iowa. The decree approved the Vosses' April 10th Stipulation of Settlement. The District Court awarded $350.00 in attorney's fees to Ms. Voss for the services of her original attorney.

7. On September 26, 1980, Ms. Voss sold the Hoover Place home. The sale price was $74,500.00. Of the sale price, $8,446.14 went to pay off the CIT loan. Ms. Voss received $11,595.21.

## CONCLUSIONS OF LAW

1. Section 523(a)(5) of the Bankruptcy Reform Act of 1978 excepts from discharge those debts in the nature of alimony, maintenance, or support. Ms. Voss established a prima facie case that ¶ 4 creates a debt in the nature of alimony, maintenance, or support. 11 U.S.C. § 523(a)(5).

2. Debts which were in the nature of alimony, maintenance, or support when they were created may be dischargeable if the debtor can prove a change in circumstances. Mr. Voss did not make such a showing. Therefore, paragraph four of the Stipulation of Settlement creates a nondischargeable debt. 11 U.S.C. § 523(a)(5).

3. Each party to the action shall bear his or her own costs, including attorney's fees.

## ORDERS

IT IS THEREFORE ORDERED that Mr. Voss's $178.00 per month obligation created in Paragraph 4 of the Voss's Stipulation of Settlement be declared nondischargeable.

IT IS FURTHER ORDERED that each party shall bear his or her own costs, including attorney's fees, in this action.

## MEMORANDUM

Paragraph four of the Vosses' Stipulation of Settlement provides:

In the event of the sale of the real estate by [Ms. Voss] ... which would result in the second mortgage having to be paid by [her] ..., then [Mr. Voss] ... shall pay to [Ms. Voss] ... the monthly payments required to pay said loan in accordance with its terms, and may pre-pay any balance to [Ms. Voss] ... without penalty.

The dispute in this case turns on whether this paragraph is a property settlement or whether it is in the nature of alimony, maintenance, or support. If it is in the nature of alimony, the 11 U.S.C. § 523(a)(5) exception to discharge applies. Section 523(a)(5) of the Bankruptcy Code provides:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any ·debt ... to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that ... (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support....

11 U.S.C. § 523(a)(5). This Court finds that Mr. Voss's $178.00 per month obligation is nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

## DIVISION I

■ Section 523(a)(5) reflects a policy decision that debtors should support their dependents rather than forcing the public at large to do so. *In the Matter of Newman*, 15 B.R. 67, 69 (Bkrtcy.M.D.Fla.1981). In enacting this section, however, Congress also attempted to preserve the possibility of a fresh start for the debtor. Lee, *Case Comment*, 50 Am.Bankr.L.J. 175, 177 (1976). Thus, only those debts which arise from the debtor's legal obligation to support her or his former spouse are nondischargeable. *In re Warner*, 5 B.R. 434, 440, 6 B.C.D. 788, 791

(Bkrtcy.D.Utah 1980). Thus, if Paragraph 4 of the Stipulation of Settlement arises from a legal obligation of support, the $178.00 per month debt created by it is nondischargeable. In order to determine whether Paragraph 4 arises from a legal obligation of support, this Court is not bound by the labels the Vosses put on Paragraph 4, but must decide whether Paragraph 4 is in the nature of support. *In re Petoske*, 16 B.R. 412, 413, 5 C.B.C.2d 1243, 1245 (Bkrtcy.E.D.N.Y.1982).[1] In making this determination, the Court looks to bankruptcy law rather than state law. *In re Daviau*, 16 B.R. 421, 423 (Bkrtcy.D.Mass. 1982). Congress intended that a national body of law be developed and used in conjunction with 11 U.S.C. § 523(a)(5) complaints in order to promote uniformity. *See* Lee, *Case Comment*, 50 Am.Bankr.L.J. at 177 (criticizing *In re Waller*, 494 F.2d 447 (6th Cir., 1974), a decision under the Bankruptcy Act that found that state law determined whether an obligation in a dissolution decree was in the nature of alimony, support, or maintenance; the holding of *In re Waller, supra*, was explicitly rejected by Congress when the Bankruptcy Code was enacted as part of the Bankruptcy Reform Act of 1978, H.R.Rep.No.595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787).

■ The burden of establishing that the $178.00 per month debt is in the nature of support falls upon Ms. Voss. *In re George*, 15 B.R. 247, 249, 5 C.B.C.2d 655, 657 (Bkrtcy.N.D.Ohio 1981). Ms. Voss must establish that the intent of the Vosses, as deduced from the surrounding circumstances, was that the $178.00 payments should provide benefits in the nature of support. *See In the Matter of Gentile*, 16 B.R. 381, 383 (Bkrtcy.S.D.Ohio 1982). Once Ms. Voss establishes this, though, the burden shifts to Mr. Voss, forcing him to establish his entitlement to a discharge of the debt. *In re Daviau*, 16 B.R. at 424.

---

1. Hence, the provision in the Stipulation of Settlement waiving alimony is not determinative.

## DIVISION II

Courts faced with 11 U.S.C. § 523(a)(5) questions have established several factors that are to be considered and weighed in determining whether a debt is in the nature of support. By looking at these factors, courts attempt to discern the probable intent of the parties. These factors also provide § 523(a)(5) litigants with more guidance than a subjective approach. When considered and weighed here, these factors indicate that the $178.00 payments are in the nature of support.

One factor, which many bankruptcy courts focus upon, is whether the payments are necessary for the economic safety of the debtor's dependents. *In re Bradley*, 17 B.R. 107, 110 (Bkrtcy.M.D.Tenn.1981); *In re Ferradino*, 14 B.R. 196, 199 (Bkrtcy.D.Nev. 1981). Specifically, courts state that the debtor's dependents need a roof over their heads. *In re Carrigg*, 14 B.R. 658, 662, 5 C.B.C.2d 446, 451 (Bkrtcy.D.S.C.1981). The fact a separate provision, such as Paragraph 3 here, provides child support is not determinative. *In the Matter of Gentile*, 16 B.R. at 383. Rather, courts look to the realistic costs of shelter. *See In re Henry*, 5 B.R. 342, 343, 2 C.B.C.2d 726, 727 (Bkrtcy.M.D. Fla.1980). Here, Ms. Voss was unemployed at the time of the divorce. In the Stipulation of Settlement, she received only $80.00 per week (approximately $320.00 per month) in child support for three minor children. This amount did not even cover the first mortgage monthly payments. Thus, the second mortgage payments were necessary to keep a roof over Ms. Voss and the three children's heads.

Courts also look at the relative earning power of the spouses and whether the payments in question equalize the differences in income. *In re Maitlen*, 658 F.2d 466, 469 (7th Cir. 1981) (Appendix A). After removing child support payments, Mr. Voss's take home pay is $85.00 per week. Ms. Voss is unemployed. Thus, the payments at issue here have the effect of equalizing the two former spouses' resources, giving Mr. Voss approximately $40.50 per week and Ms. Voss approximately $44.50 per week.[2]

Another factor indicating a support intent is direct payment to the dependent spouse. *In re Bradley*, 17 B.R. at 110. Paragraph four requires direct payment to Ms. Voss if she sold the Hoover Place home. Thus the support payments took the form of house payments while Ms. Voss occupied the home, but continued as direct payments for her support after the sale of the home. It is illogical to thus conceive of these payments as anything but payments in the nature of support and/or alimony.

Extended payments also indicate support was intended. *In re Henry*, 5 B.R. at 343, 2 C.B.C.2d at 727. Here, the $178.00 payments must be made over a 6½ year period, thus indicating that these payments are in the nature of alimony.[3]

Not all of the factors listed by other courts cut in favor of support here.[4] However, the factors described above provide enough evidence that these payments are in the nature of support to establish a prima facie case of § 523(a)(5) nondischargeability.

2. This disparity in income distinguishes the Vosses' situation from two cases where obligations to pay second mortgages were found dischargeable. *In re Beckwith*, 17 B.R. 816 (Bkrtcy.N.D.Ohio 1982); *In re Mineer*, 11 B.R. 663 (Bkrtcy.D.Colo.1981).

3. Mr. Voss argues the Stipulation of Settlement allows him to pay the entire amount due at once. Given Mr. Voss's financial position, however, it seems unlikely that either party expected him to take advantage of this provision.

4. The effect of an application of several factors is difficult to determine in this case. The length of the marriage, *In re Nelson*, 16 B.R. 658, 661 (Bkrtcy.M.D.Tenn.1981), and whether the obligation terminates at the children's majority, *id.* at 660, were not set forth in the Stipulation of Facts or in the Stipulation of Settlement incorporated in the Decree of Dissolution. The location of ¶ 4 also provides little guidance. *In re Maitlen*, 658 F.2d at 469 (Appendix A). Paragraph four follows the child support paragraph and precedes the property division paragraphs. One factor listed by many courts is not present here. These payments do not terminate upon the death or remarriage of Ms. Voss or the death of Mr. Voss. *In re Daviau*, 16 B.R. at 424.

## DIVISION III

 Once Ms. Voss establishes her prima facie case, the burden shifts to Mr. Voss to prove that the $178.00 payments are no longer necessary for Ms. Voss's support. Allowing Mr. Voss to make this showing is a reasonable accommodation between the policies underlying 11 U.S.C. § 523(a)(5) and the bankruptcy goal of providing a debtor the possibility of a fresh start.

> The intent of . . . § 523(a)(5) is to insure that the debtor's dependents will not be left destitute and that the debtor will not be relieved of his legal obligation of support. However, . . . [w]hen one considers that according to the statutory provisions, any debt, not just traditional alimony payments, can be found to be support and thus nondischargeable, the potentially unfair burden on the debtor, if only the original circumstances were considered, might effectively abrogate his fresh start in a situation where no contervailing necessity of support exists.

*In re Warner*, 5 B.R. at 442, 6 B.C.D. at 793. Moreover, when payments are not currently needed for support, those payments are no longer *in the nature of* alimony, maintenance, or support.

 In this case, Mr. Voss fails to overcome Ms. Voss's prima facie showing of support. Mr. and Ms. Vosses' relative financial conditions have not changed significantly since the entry of the decree. Courts allow debtors to show that the conditions which led to the award of support no longer exist. *In re Bradley*, 17 B.R. at 111. Here, Ms. Voss's recovery of $11,595.21 from the sale of the Hoover Place home does not show a change in circumstances. On December 3, 1979, Mr. Voss estimated the house to be worth $75,000. The Stipulation of Settlement was signed April 10, 1980. The divorce decree was filed May 29, 1980. The Hoover Place home was sold September 26, 1980, for $74,500.00. These facts show that the Vosses knew at the time they entered into the Stipulation of Settlement that Mr. Voss would be obligated for $178.00 per month even though Ms. Voss would get the substantial equity in the Hoover Place home. Thus, Mr. Voss failed to show a change in circumstances.

## DIVISION IV

This Court's decision is consistent with at least three other 11 U.S.C. § 523(a)(5) decisions dealing with strikingly similar facts. *In re Miller*, 17 B.R. 773 (Bkrtcy.N.D.Ohio 1982) (payment of second mortgage to wife after the house was sold found nondischargeable); *In the Matter of Hughes*, 16 B.R. 90 (Bkrtcy.N.D.Ala.1981) (requirement that debtor pay second mortgage found nondischargeable under 11 U.S.C. § 523(a)(5); second mortgage arose from a loan for debtor's unsuccessful business); *In re Henry, supra* (debtor's obligation to pay second mortgage on dependents' home found nondischargeable under 11 U.S.C. § 523(a)(5)).

## DIVISION V

The Orders entered herein provide each party is to pay his own costs. This Order includes any attorney fees incurred by the parties.