In re William Winston EDWARDS, Debtor.

Marian McLain EDWARDS, Plaintiff,

v.

William Winston EDWARDS, Defendant.

Bankruptcy No. 82–04562A.

Adv. No. 82–3057A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

July 5, 1983.

**114**

Richard E. Carne, Tucker, Ga., for plaintiff.

Edward A. Pilkington, Decatur, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the plaintiff's May 26, 1983 Motion for Summary Judgment and the defendant's May 26, 1983 cross-Motion for Summary Judgment. These motions arise out of the plaintiff's December 8, 1982 objection to confirmation. The plaintiff's objection to confirmation is in substance a complaint to determine dischargeability of a debt. On June 4, 1982, a Judgment and Decree of Total Divorce was entered in the Superior Court for the County of Rabun and the plaintiff was awarded the couple's residence. The defendant was required to pay the outstanding encumbrances secured by said real property. The defendant's Chapter 13 plan contemplates that these debts are dischargeable.

■ In the case *sub judice,* the plaintiff has the burden of proving that the debtor's obligation to make mortgage payments is in the nature of alimony, support or maintenance, and therefore nondischargeable. *In re Smith,* 436 F.Supp. 469 (N.D.Ga.1977); *In re Carrigg,* 14 B.R. 658 (Bkrtcy.D.S.C.1981); Bankruptcy Rule 407.

In *In re Hileman,* 24 B.R. 397 (Bkrtcy.S. D.Ohio 1982), the Court held that the obligation to pay a mortgage runs to the mortgagee and not to the ex-wife. Because 11 U.S.C. § 523(a)(5) speaks of the dischargeability of debt, a debt must exist between the parties before the section can be invoked. The divorce decree in the instant case is unclear concerning whether the debtor is to pay mortgage payments directly to the plaintiff herein or to the mortgage company. "Where parties characterize a debt as alimony, support or maintenance, the Court, under 11 U.S.C. § 523(a)(5), must first determine if the debt is payable directly to the spouse; if it is not, then it is dischargeable no matter how the parties characterize it." *In re Daiker,* 5 B.R. 348, at 351 (Bkrtcy.D.Minn.1980); *Stout v. Prussel,* 691 F.2d 859 (9th Cir.1982) citing *In re Daiker, supra.* Under this line of cases, the debt may not qualify as alimony, support or maintenance and may therefore be dischargeable. This issue presents a question of material fact.

The divorce decree in the instant case awards the property as a "division of marital property." The clause which follows the property award obligates the debtor to make mortgage payments on said property evincing an intent that the mortgage payments should be considered a portion of the property settlement. There is no indication that the mortgage payments to be made by the debtor were in lieu of alimony or support. However, the fact that the clause requiring the payment of the mortgage follows the division of property clause may also be said to distinguish said clause from the property division clause. Furthermore, it is possible that the payment of the mortgage by the debtor is and was at the time of the divorce used for the plaintiff's support and maintenance. See *In re Harrell,* 13 B.R. 302, (Bkrtcy.N.D.Ga.1981); *In re Harrell,* 23 B.R. 423 (Bkrtcy.N.D.Ga.1982). Accordingly, a material issue of fact exists on this point.

■ Indicia of alimony include: (1) where payments are not for a total sum certain and are payable over a potentially long period of time *In re Bradley,* 17 B.R. 107 (Bkrtcy.M.D.Tenn.1981); *In re Smith,*

436 F.Supp. 469, 475 (N.D.Ga.1977); (2) where the obligation terminates upon death or remarriage of recipient spouse *In re Smith, supra;* and (3) whether the payments are for the economic safety of the debtor's dependents *In re Bradley, supra.*

 In the case *sub judice,* the debtor's payments are a sum certain. When the mortgage payments are complete, the debtor is not required to then make payments directly to the plaintiff equal to the monthly mortgage obligation. Unlike alimony or support payments, which generally continue until the death or remarriage of the spouse, the obligation to make payments ceases when the mortgages are paid in full. The record does not contain any indication of whether these payments are for the ex-spouse's economic safety.

Therefore, for the above-stated reasons, this Court finds that an issue of material fact exists in this case and that an award of summary judgment to both parties is denied. An evidentiary hearing will be held on the 17th day of August, 1983, at 2:00 P.M., in Room 1705, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia.

IT IS SO ORDERED.