In re Shirley E. HACK a/k/a Shirley
E. Farr, Debtor.

John L. FARR, Plaintiff,

v.

Shirley E. HACK a/k/a Shirley E.
Farr, Defendant.

Bankruptcy No. 5–83–00449.
Adv. No. 5–83–0390.

United States Bankruptcy Court,
M.D. Pennsylvania.

Feb. 6, 1985.

Michael R. Lynn, Bloomsburg, Pa., for plaintiff.

Thomas Arthur James, Jr., Bloomsburg, Pa., for defendant.

**MEMORANDUM AND ORDER**

THOMAS C. GIBBONS, Bankruptcy Judge:

In this Chapter 7 proceeding, we are called upon to consider a complaint objecting to the dischargeability of a debt under 11 U.S.C. § 523(a)(5) and an answer which in reality amounts to a motion to dismiss for failure to state a cause of action. Attorney's fees are also requested by the defendant/debtor.

The facts are not disputed. A Decree in Divorce was entered into between the parties on December 17, 1982. The decree, inter alia, provided in Paragraph 2:

"2. That in all other respects, the recommendation of the Special Master is hereby approved and that the proposed plan of equitable distribution set forth in the Report of the Special Master be and is hereby confirmed."

The Report of the Special Master contained the following statement:

"The parties did agree that the following issues have not been contested and are not before the Master for determination. The issues of divorce, custody and support are not a subject of this hearing." (Underscoring supplied).

In addition the Report recited:

"The parties further agree that the payment of attorneys' counsel fees shall be borne by each party who retained said counsel. The parties further agree that the only issues involve the equitable distribution of marital property and the allocation of marital debts and the allocation of the Master's and Stenographer's costs and other court costs in regard to the divorce."

Findings of Fact proposed for adoption by the Master included, inter alia, the following:

"2. That the parties have two children as a result of this marriage, namely, Michael, age 5 at date of hearing and Christopher, age 10 at date of hearing.

4. That as a result of the hearing, the Plaintiff husband is currently under an order of $180.00 per month plus an

amount on arrearages for the support of said two children.

5. That during the course of the marriage, the parties lived in a five room dwelling house located in the Millville area which the Defendant wife currently occupies and that the Plaintiff husband currently resides in a mobile home in the Danville area.

8. The Plaintiff is employed at TRW in Danville where he enjoys the usual fringe benefits of his employment and earns about $320.00 per week take home pay, not considering certain other fringe benefits.

9. The Defendant is employed as a bartender/manager at the Hilltop Inn in Montour County and earns about $715.00 per month exclusive of tips. In addition to said salary, the Defendant acknowledges income of $2.00 to $5.00 per day in tips and also receives support from her husband for the two children.

13. The parties have incurred certain joint debts during the marriage which joint debts are to be also considered as marital property.

18. Both Plaintiff and Defendant have incurred substantial legal bills for the employment of counsel, which obligations shall be paid by the respective parties."

The Master's Report contains the following paragraph:

"It is the recommendation of the Special Master that both parties be equally responsible for the aforementioned marital indebtedness to the end that each party shall be responsible for one-half of the total value of said indebtedness, said value to be determined as of the amount of the indebtedness on the date of separation of the parties, namely, July 30, 1980. It is further recommended that a credit be given to either party who has made payments on said balance due since July 30, 1980 so that credit be given for said payments."

## DISCUSSION

11 U.S.C. § 523(a)(5) reads as follows:

§ 523. **Exceptions to discharge**

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, or property settlement agreement, but not to the extent that

\* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

\* \* \* \* \* \*

The legislative history indicates that the debtor's assumption of certain joint debts is nondischargeable under § 523(a)(5), as well.

"This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance or support of the spouse, as determined under bankruptcy law considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement.
H.R. Report No. 95–595, 95th Cong., 1st Sess., p. 364 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6320.

Whether the assumed debts are dischargeable, then, depends on whether payment on such debts is in essence alimony, maintenance or support. However, we must be ever mindful that '... What constitutes alimony, maintenance or support, will be determined under the bankruptcy laws...' H.R. Report No. 95–595, 95th Cong., 1st Sess., p. 364

(1977), U.S.Code Cong. & Admin.News 1978, at 6320."

Since the adoption of the 1978 Reform Code, numerous cases have been decided interpreting this section. *In re Huggins,* 12 B.R. 850 (Bankr.D.Kan.1981) points out that some courts use a "necessaries" test. That is, if the assumed debts were incurred for "necessaries", payment of such debts constitutes nondischargeable debts. (citing cases). Other courts use a "time debt was incurred" test. If the debtor assumes current or future debts, the assumption is nondischargeable support. (citing cases). Still others apply the most commonly used test, that of "intent". If the parties intended for their debt assumption to constitute alimony, maintenance or support, the courts follow the parties' intent. Intent can be determined from the four corners of the instrument when the instrument is unambiguous. *Huggins, supra,* points out that in most cases the instrument is ambiguous and, therefore, a court must look at extrinsic evidence to determine intent.

The case of *In re Edwards,* 31 B.R. 113 (Bankr.N.D.Ga.1983) is an example of a narrow reading of the statute. Therein we find the following statement by the court acting on a Motion for Summary Judgment:

Because 11 U.S.C. § 523(a)(5) speaks of the dischargeability of debt, a debt must exist between the parties before the section can be invoked. The divorce decree in the instant case is unclear concerning whether the debtor is to pay mortgage payments directly to the plaintiff herein or to the mortgage company. "Where parties characterize a debt as alimony, support or maintenance, the Court, under 11 U.S.C. § 523(a)(5), must first determine if the debt is payable directly to the spouse; if not, then it is dischargeable no matter how the parties characterize it." *In re Daiker,* 5 B.R. 348, at 351 (Bkrtcy.D.Minn.1980); *Stout v. Prussel,* 691 F.2d 859 (9th Cir.1982) citing *In re Daiker, supra.* Under this line of cases, the debt may not qualify as alimony, support, or maintenance and

may therefore be dischargeable. This issue presents a question of material fact.

The case also contains the following:

■ Indicia of alimony include: (1) where payments are not for a total sum certain and are payable over a potentially long period of time *In re Bradley,* 17 B.R. 107 (Bkrtcy.M.D.Tenn.1981); *In re Smith,* 436 F.Supp. 469, 475 (N.D.Ga. 1977); (2) where the obligation terminates upon death or remarriage of recipient spouse *In re Smith, supra;* and (3) whether the payments are for the economic safety of the debtor's dependents *In re Bradley, supra.*

A later case, *Boyle v. Donovan,* 724 F.2d 681 (8th Cir.1984) held that a father's promise to pay for his sons' college education was a nondischargeable support obligation rather than a dischargeable property settlement. The parties had entered into a property settlement which was incorporated into their Divorce Decree. Paragraph 5 of the agreement provided:

"Husband agrees to pay all the college and professional school education expenses of said two minor children, which shall include, but not be limited to tuition, books, supplies, room and board, and a reasonable amount for spending money...."

The agreement provided that the debtor pay child support of $750 per month for his two sons and $1,250 per month in alimony.

At the time of the divorce, the debtor was a practicing psychiatrist and had an annual income of approximately $100,000. His ex-wife was a student pursuing a graduate degree in social work. Debtor became delinquent in payment of his elder son's college expenses. His ex-wife brought suit in state court to enforce the property settlement agreement and the court upheld the agreement and ordered debtor to pay $2,300 in college expenses. Subsequently, debtor filed a voluntary Chapter 7 Petition listing his ex-wife as an unsecured creditor in the amount of $2,300 for college expenses awarded by the state court. He then filed a complaint to determine the

dischargeability of the debt. The Bankruptcy Court held that the agreement to pay for college expenses "is in the nature of alimony, maintenance and support and is nondischargeable."

The Bankruptcy Reform Act of 1978 prohibits the discharge of a debtor's alimony, maintenance or support obligations to his or her former spouse and children. Property settlements, on the other hand, can be discharged. In *Boyle v. Donovan, supra,* debtor argued that he had no legal obligation to pay for his sons' education and that, therefore, the agreement was a dischargeable property settlement, particularly since at the time, the sons were then adults. The Circuit Court, however, said that the argument missed the point.

"[I]n deciding whether to characterize an agreement as an alimony, maintenance or support obligation or a property settlement, the bankruptcy court does not examine the present situation of the parties. Rather, the crucial question is what function did the parties intend the agreement to serve when they entered into it. *See In re Williams,* 703 F.2d 1055, 1057 (8th Cir.1983)."

In addition, the Circuit Court also dismissed as without merit debtor's argument that the obligation was to third parties, the college, rather than to the spouse.

In the case at hand the parties had no property settlement agreement and their respective positions, therefore, are based solely on the interpretation to be given to the divorce decree.

*Collier's* discussing this section has the following to say:

Section 523(a)(5) resolves any doubt that may exist as to whether support and maintenance provided for in a property settlement agreement falls within the exception to discharge. Under section 17(a)(7) of the former Act, the question frequently arose as to whether such agreement could be categorized as "alimony." The courts usually examined the property settlement to determine whether the payments provided for by the agreement were truly alimony and sup-

port or whether they were other kinds of debts and a settlement agreement was often held to be dischargeable. Whether a property settlement agreement is in the nature of alimony is not necessarily the test under section 523(a)(5), although if it is indeed "alimony" the liability will be nondischargeable. If the parties enter into a property settlement agreement, the purpose of which is to provide maintenance for, or support of both spouse or child, the obligation falls within the terms of section 523(a)(5) and is excepted from discharge.

Thus, any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement, are nondischargeable.

Plaintiff's position is that the statement in the Master's Report adopted by the court that "both parties be equally responsible for the aforementioned marital debts" makes the debts in question nondischargeable. The issue thus raised is whether this division of debts by the court was intended "to provide support or whether it was an equalization of property rights." *In re Maitlan,* 658 F.2d 466 (7th Cir.1981) holds that an indebtedness in a divorce decree that merely divides the marital property is dischargeable. There is nothing in the record of this proceeding which indicates that the parties intended to hold each other harmless for the repayment of the marital debts which were divided by the divorce decree.

As indicated previously the Master's Report adopted in all respects by the court in its decree made it clear that "support" was not a subject of the hearing which lead to the decree in divorce. It is apparent, therefore, that the debts in question herein were simply divided equally by the Master in divorce without any suggestion that the

division was intended to provide support. Under these circumstances it must be concluded that such debts are dischargeable in bankruptcy.