**Bernard ZIEGENHORN, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR MUSCATINE COUNTY, Defendant.**

No. 92-1982.

Court of Appeals of Iowa.

Nov. 29, 1993.

William F. Creasey of Goedken & Creasey, Muscatine, for plaintiff.

William J. Hargrafen, Muscatine, for defendant.

Considered by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

On December 10, 1991, the district court filed a dissolution decree regarding the marriage of Bernard and Vicki Ziegenhorn. The court awarded Bernard real estate its debt, which was held by ITT Financial Services (ITT). Both Vicki and Bernard had signed the note to ITT Financial Services. The decree directed Bernard to hold Vicki harmless on any debt relating to the real estate. The court awarded Vicki a mobile home, subject to debt on it. Vicki was awarded primary physical care of the parties' minor child.

In February 1992 Bernard filed a petition for voluntary bankruptcy under chapter 7, title 11, of the United States Code. Bernard listed ITT Financial Services and his former wife as creditors. On June 4, 1992, Bernard received a discharge in bankruptcy. The bankruptcy court noted no complaint objecting to the discharge was filed, or if a complaint was filed, it was not sustained. The discharge order contained an injunction pursuant to 11 U.S.C. § 524 to prevent creditors holding claims which have been discharged from taking further action to collect such claims. After the bankruptcy proceedings Bernard reaffirmed the ITT debt on his residence.

Bernard made postbankruptcy payments to ITT Financial Services. The payments,

however, were only one-half of the monthly amount. In October 1992 Bernard was discharged from his employment with Riley Ambulance and stopped making payments to ITT. The discharge stemmed from his failure to purchase and wear a hearing aid.

On September 22, 1992, Vicki filed an application for contempt. She alleged Bernard had failed to make payments on the note to ITT Financial Services and the company was threatening legal action against her unless she began making the payments. On September 25, 1992, Bernard filed an answer to the contempt citation. A contempt hearing was held on October 29, 1992. At that time Bernard was not receiving any income.

The trial court held a hearing on the motion for contempt. The court interpreted the allocation of the ITT debt to Bernard pursuant to the dissolution decree. The court determined it was in the nature of support or maintenance pursuant to 11 U.S.C. § 523(a)(5). Therefore, the debt was not dischargeable in bankruptcy. The court also determined Bernard had willfully violated the provision of the dissolution decree by failing to pay the debt. Bernard was sentenced to serve thirty days in the county jail for contempt. The mittimus was delayed for sixty days to give Bernard time to purge himself of the contempt.

On December 18, 1992, Bernard filed a petition for writ of certiorari with the Iowa Supreme Court. On January 5, 1993, the supreme court granted his petition. The court later stayed the district court's order pending resolution of this certiorari action.

■ A writ of certiorari shall be granted when a court exceeds its proper jurisdiction or otherwise acts illegally. Iowa R.Civ.P. 306. Illegality exists when the findings of the court do not have substantial evidentiary support or when the tribunal does not apply the proper law. *Amro v. Iowa Dist. Court*, 429 N.W.2d 135, 138 (Iowa 1988) (citations omitted). Upon our review of the trial court's decree, we emphasize the trial court's finding of contempt was based solely on Bernard's failure to pay the obligation to ITT. The court had stated: "Therefore, this Court finds that the respondent is in contempt for failing to pay the obligations to ITT." The contempt charge was not based on any failure of Bernard to hold Vicki harmless on the ITT debt.

Bernard contends the district court erred in finding him in contempt based on his prebankruptcy obligation to pay the ITT debt. He claims the debt was discharged in bankruptcy because it was part of the property division, rather than a support or maintenance obligation. The issue is whether Bernard's obligation to pay the ITT debt pursuant to the prebankruptcy dissolution decree is excepted from discharge. Our focus is on whether the debt is categorized as an obligation for support or an obligation relating to the property division.

Pursuant to section 727 of the Bankruptcy Code, a chapter 7 debtor who complies with the Code's requirements receives a discharge of all prepetition debts other than certain specified exceptions. 11 U.S.C. § 727(a) (1988). Among those exceptions is 11 U.S.C. § 523(a)(5), which precludes discharge of debts which are in the nature of alimony, maintenance, or support to a spouse or child. 11 U.S.C. § 523(a)(5) (1988). A debt to a spouse, former spouse, or child of the debtor for alimony, maintenance, or support which arose from a dissolution decree is nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(5) (1988). A debt arising from a dissolution decree which merely divides marital property is dischargeable. *In re Coil*, 680 F.2d 1170, 1171 (7th Cir.1982) (citation omitted).

■ I. A state court's jurisdiction to determine which debts are excepted from discharge under 11 U.S.C. § 523 depends on the nature of the debt in question. Federal bankruptcy courts have exclusive jurisdiction to determine whether the following debts are excepted from discharge: liabilities for obtaining money, property, or services by false pretenses or false representations under section 523(a)(2); claims arising from fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny under section 523(a)(4); and liabilities for willful and malicious injuries to another entity or property of another entity under section 523(a)(6). 11 U.S.C. § 523(c) (1988). The federal bank-

ruptcy courts and any "appropriate nonbankruptcy forum" have concurrent jurisdiction on issues of dischargeability under sections 523(a)(1), (3), (5), (7), (8), (9), and (10). *Id.; see 3 Collier on Bankruptcy* ¶ 523.15[6] at 523–126 (15th ed. 1993). In this case Vicki invokes section 523(a)(5), seeking a determination the ITT debt is an exception to Bernard's discharge because the debt is alimony, maintenance, or support. Federal and state courts have concurrent jurisdiction to determine whether an obligation is one for support or one for property division. *In re Aldrich,* 34 B.R. 776, 780 (9th Cir.1983). Thus the state court had concurrent jurisdiction to determine whether the ITT debt is in the nature of support and consequently excepted from discharge under 11 U.S.C. § 523(a)(5). 11 U.S.C. 523(c); *see In re Coppi,* 75 B.R. 81, 82 (S.D.Iowa 1987) (citing 3 *Collier on Bankruptcy,* ¶ 523.15[6] at 523–125 (15th ed. 1993)); *see also Pearl v. Pearl,* 69 Ohio App.3d 173, 590 N.E.2d 315, 317 (1990) ("the determination of whether a debt is in the nature of support so as to be nondischargeable pursuant to Section 523(a)(5) is properly raised in a contempt motion for a debtor's failure to pay the debt").

■ A contest to dischargeability of a debt claimed to be in the nature of alimony, maintenance, or support can be brought before or after a discharge has been granted to the debtor, *In re Marriage of Wisdom,* 833 P.2d 884, 888 (Colo.Ct.App.1992) (citing *Aldrich,* 34 B.R. 776), because there is no time limit for the filing of a complaint to determine the dischargeability of a type of debt listed as nondischargeable under section 523(a)(5).[1] The Advisory Committee Note to Bankruptcy Rule 4007 provides:

> Subdivision (b) does not contain a time limit for filing a complaint to determine the dischargeability of a type of debt listed as nondischargeable under § 523(a)(1), (3), (5), (7), (8), or (9). Jurisdiction over this issue on these debts is held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum.

1. A complaint to determine the dischargeability of debts which are claimed to be nondischargeable because of subsections (2), (4), and (6) of section 523(a), must be filed in the bankruptcy

11 U.S.C.A. Bankruptcy Rules and Official Forms, Bankruptcy Rule 4007, at 480 (West 1984).

A debtor or any creditor, i.e., a former wife, may file a complaint with the bankruptcy court to obtain a determination of dischargeability of debts arising under section 523(a)(5). Bankruptcy R. 4007(b); 28 U.S.C. § 1334 (1988); 3 *Collier on Bankruptcy* ¶ 523.15[6] (15th ed. 1993); *Long v. Long,* 102 N.C.App. 18, 401 S.E.2d 401, 404 (1991) (citing *In re Galbreath,* 83 B.R. 549, 550 (S.D.Ill.1988)). If such a complaint seeking a specific determination of dischargeability is not filed, the issue of dischargeability may then be tried in the appropriate state court. The state court had concurrent jurisdiction over this action as to the dischargeability issue.

■ II. The dischargeability of the disputed obligation, the ITT debt on Bernard's residence, is governed by Section 523 of the Bankruptcy Code. Section 523 provides in pertinent part:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt
>
> . . . . .
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>
> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise . . .; or
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. § 523 (1988). The burden of establishing the debt is in the nature of support so as to be nondischargeable falls upon the

court within the time specified. If the complaint is not timely filed, the debts are discharged. 11 U.S.C. § 523(c) (1988); 3 *Collier on Bankruptcy* ¶ 523.15[6] at 523–126 (15th ed.).

debtor's former spouse. *In re Voss,* 20 B.R. 598, 601 (N.D.Iowa 1982) (citing *In re George,* 15 B.R. 247, 249, 5 C.B.C.2d 655, 657 (N.D.Ohio 1981)). If the former spouse establishes this, the burden shifts to the debtor to establish his entitlement to a discharge of debt. *Id.*

■ Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. *In re Williams,* 703 F.2d 1055, 1056–57 (8th Cir.1983) (citing H.R.Rep. No. 595, 95th Cong., 2d Sess. 364, *reprinted in* 1978 U.S.C.C.N. 5963, 6320; S.Rep. No. 989, 95th Cong., 2d Sess. 79, *reprinted in* 1978 U.S.C.C.N. 5787, 5865). A number of courts have held or recognized an obligation to pay a debt on a home is not excepted from discharge under section 523(a)(5). Diane M. Allen, Annotation, *Debts for Alimony, Maintenance, and Support as Exceptions to Bankruptcy Discharge, Under § 523(a)(5) of Bankruptcy Code of 1978 (11 USCS § 523(a)(5)),* 69 A.L.R.Fed. 403, 443 (1984); Annotation, *Obligation Under Property Settlement Agreement Between Spouses as Dischargeable in Bankruptcy,* 74 A.L.R.2d 758 (1960).

In *In re Voss,* 20 B.R. 598 (N.D.Iowa 1982), the bankruptcy court noted other courts addressing section 523(a)(5) issues have established several factors that are to be considered in determining whether a debt is in the nature of support. *Voss,* 20 B.R. at 602. One factor is "whether the payments are necessary for the economic safety of debtor's dependents." *Id.* (citations omitted); *see In re Calhoun,* 715 F.2d 1103, 1109. (6th Cir.1983). Under this factor courts consider whether the obligation pursuant to the prebankruptcy dissolution decree relates to the shelter of debtor's dependents. *Voss,* 20 B.R. at 602 (citations omitted). In the case at bar the ITT debt was on the residence awarded to Bernard. Vicki had been awarded another residence in the dissolution decree. This obligation was not one in which the obligor was providing support by maintaining shelter for his dependent. The trial court cited *In re Gianakas,* 917 F.2d 759, 764 (3rd Cir.1990). *Gianakas* is factually differ-

ent from the case at bar. In *Gianakas* the court held debtor's obligation to make mortgage payments under the dissolution decree was a nondischargeable support obligation. *Gianakas,* 917 F.2d at 764. The debtor was making mortgage payments for the house in which his former wife and children were residing. *Id.* at 763. Bernard's obligation is not in the nature of support or maintenance under this factor.

Another factor relied upon in determining whether the debt is a support obligation is the function the award was intended to serve. *Williams,* 703 F.2d at 1057 (citations omitted); *see Voss,* 20 B.R. at 601; *see also In re Calhoun,* 715 F.2d 1103, 1110 (6th Cir.1983). The intent can be found by examining different indicators. *Gianakas,* 917 F.2d at 762. One such indicator is "the relative earning power of the spouses and whether the payments in question equalized the differences in income." *Voss,* 20 B.R. at 602 (citation omitted); *see Gianakas,* 917 F.2d at 763. At the time of the dissolution Bernard and Vicki were employed and earning $1196 and $1153.83 per month respectively. There was no significant difference in income to equalize so as to justify a finding the debt was a nondischargeable support obligation. There is no evidence the parties intended to create a support obligation by Bernard assuming their joint ITT debt.

The label placed upon an obligation in a dissolution decree by either the state court or the parties is not dispositive on whether the debt is dischargeable. 11 U.S.C. § 523(a)(5)(B) (1988); 4 *Contemporary Family Law: Principles, Policy, and Practice* § 34.14 (1988). However, a label is a factor which may be considered. *Gianakas,* 917 F.2d at 762 n. 1. In one provision of the dissolution decree entitled "Alimony" the dissolution court had provided "[n]either party shall pay alimony to the other." In a subsequent provision entitled "Real Estate" the court awarded to Bernard property and the ITT debt to which it was subject. Vicki was awarded a mobile home. In another provision entitled "Debts" the court again recognized Bernard was responsible for the ITT

debt. An obligation arising from efforts to divide marital property are dischargeable in bankruptcy. *Boyle v. Donovan,* 724 F.2d 681, 683 (8th Cir.1984).

 We hold the ITT debt was not a support obligation but part of a property division which is dischargeable in bankruptcy. Therefore, the trial court acted illegally upon finding Bernard in contempt. We sustain the writ of certiorari.

Costs of this appeal are assessed to Bernard.

**WRIT SUSTAINED.**

DONIELSON, J., takes no part.